JOSEPH A. BARRY vs. COMMONWEALTH.

Suffolk.  May 3, 1983. — October 5, 1983.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Speedy trial.

Discussion of speedy trial requirements under Rule 36 of the Massachusetts Rules of Criminal Procedure.  [290-298]

Although a criminal defendant had not been brought to trial within twelve months as required by Mass. R. Crim. P. 36, he was not entitled to have the indictments against him dismissed, where he either agreed, or did not object, to delays for periods exceeding the number of days which the Commonwealth was required to justify under the rule. [298-299]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 8, 1982.

The case was reported by *O'Connor,* J.

*Stephen Hrones* for the defendant.

*Linda M. Poulos,* Assistant District Attorney, for the Commonwealth.

*David M. Skeels,* for Christos Xaros, amicus curiae, submitted a brief.

*Francis X. Bellotti,* Attorney General, *Frederick W. Riley, Barbara A. H. Smith, & Carlo A. Obligato,* Assistant Attorneys General, for the Attorney General, amicus curiae, submitted a brief.

*Harvey A. Silverglate, Judith H. Mizner & Alan Dershowitz,* for Barry Levin, amicus curiae, and *James D. St. Clair & Robert D. Keefe,* for Earle Groper, amicus curiae, submitted a brief.

LIACOS, J. Joseph A. Barry (the defendant) filed a motion to dismiss his indictments, claiming that he had not been brought to trial within twelve months as required by Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979).  A hearing was

held the next day, September 8, 1982, and a motion judge in the Superior Court denied the motion. The defendant filed a petition under G. L. c. 211, § 3, for interlocutory relief, and a single justice of this court reserved and reported the case to the full bench. We conclude that the judge of the Superior Court was correct in denying the defendant's motion to dismiss and remand the case to the Supreme Judicial Court for Suffolk County (single justice session) for entry of a judgment denying the petition for relief under G. L. c. 211, § 3.

The relevant facts may be stated briefly. On July 6, 1981, a grand jury returned indictments against the defendant, Joseph A. Barry, and three codefendants, Martin McCauley, Carlos Mesa, and Edward White. Barry was indicted for three counts of armed robbery and one count of murder, and was arraigned on July 9, 1981. The indictments arose out of an incident which occurred at the Casa Romero restaurant in Boston on June 27, 1981. The alleged perpetrators were apprehended shortly after the incident, with the exception of White who eluded capture until February 12, 1982. All the suspects allegedly made statements which incriminated themselves and the others. These statements presented a potential problem if the Commonwealth proceeded against the perpetrators jointly. See *Bruton* v. *United States*, 391 U.S. 123 (1968). But see *Parker* v. *Randolph*, 442 U.S. 62 (1979).

On July 9, 1981, the court ordered a pretrial conference report to be filed on July 30, 1981. See Mass. R. Crim. P. 11, 378 Mass. 862 (1979). On July 30, 1981, Barry's case was continued by agreement until August 13, 1981, for the filing of the report.[1] On August 13, 1981, the report was filed, and the court granted twenty-one days for the filing of pretrial motions,[2] and the case was "[c]ontinued to November 2,

---

[1] The docket of the proceedings concerning the indictment for murder indicates a continuance by agreement. The dockets concerning the other indictments do not indicate that any action was taken by the parties on July 30, 1981.

[2] Under Mass. R. Crim. P. 13 (d) (2) (A), 378 Mass. 871 (1979), the pretrial motions are to be filed within seven days after the date set for the filing of the pretrial conference report unless the court orders otherwise.

1981 for trial by agreement." On September 2, 1981, Barry filed several motions, including a motion to suppress. November 2 went by without the parties' having taken any action. A bail reduction hearing was held on December 23, 1981. On January 26 and 27, 1982, a hearing was held on the motion to suppress, and the motion was taken under advisement. On June 14, 1982, findings of fact, rulings of law, and an order were filed as to the motion to suppress.

During this period, the cases of Barry's codefendants took their course. The Commonwealth proceeded first against McCauley, the alleged trigger man, and he was convicted of murder in the first degree. White was apprehended and pleaded guilty to murder in the second degree. Mesa was not tried before the filing of Barry's motion to dismiss. Mesa filed a motion to suppress on November 2, 1981, and a hearing was held on June 18 and 21, 1982. His motion was denied on July 14, 1982.

On August 6, 1982, the Commonwealth answered that it was ready for trial in the case of Commonwealth vs. Barry, and indicated that further delay might create a problem under rule 36. Barry's counsel requested a delay because the transcripts of McCauley's trial would be available at the end of the month. Defense counsel stated that he wanted the "transcript before going to trial since it's important to have the testimony of the witnesses." The judge denied the request, stating that he intended to hold the case for trial. He also indicated that whether the case would be tried immediately would turn on the progress of another case which was set for trial.[3] Defense counsel did not object to this action. The judge who heard Barry's motion to dismiss was not the judge who presided on August 6. The judge who decided the motion to dismiss found that Barry was not prepared for trial on August 6, and "that it suited the defendant's convenience that the trial take place after the trial judge completed the case presently before him."

---

[3] The docket stated only, "Defendant not in Court, after hearing, held for trial."

Barry was not tried in August, and, on September 7, 1982, he filed the rule 36 motion to dismiss for lack of a speedy trial. The case was continued until September 8 for a hearing. After the hearing, the motion judge denied the motion orally and entered written findings and an order on September 14, 1982. A single justice of this court stayed Barry's trial on September 9, 1982, and reserved and reported the case on December 14, 1982.[4]

The judge in the Superior Court found that Barry had made a prima facie showing of delay under rule 36 since the period between the return date, July 9, 1981, and the filing of his motion to dismiss, September 7, 1982, exceeded twelve months, and that the burden of justification for the delay falls on the Commonwealth. He further found that sufficient evidence was introduced to warrant a finding that the delay had been justified. He also found that the delay caused by the Commonwealth's pursuit of the fugitive White was a reasonably excusable time under rule 36 (b) (2) (B), since White and Barry were initially joined for trial and there was no cause for severance within the meaning of rule 36 (b) (2) (E).[5] The judge found that an additional thirty days were

---

[4] The Commonwealth has not challenged whether the case is properly before us under G. L. c. 211, § 3, and we need not decide the question. See, however, *Corey* v. *Commonwealth,* 364 Mass. 137, 138 (1973). Similar issues to those raised here are properly before us in *Commonwealth* v. *Farris, post* 300 (1983). In view of the public interest involved and the uncertainty and confusion now existing concerning the application of rule 36, we express our opinion on the issues that have been argued. Cf. *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943).

[5] Rule 36 (b) sets the standards of a speedy trial. Rule 36 (b) (2) provides for "[e]xcluded [p]eriods." Rule 36 (b) (2) (B) provides an exclusion of time for "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness. A defendant or an essential witness shall be considered absent when his whereabouts are unknown and he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. A defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial". Rule 36 (b) (2) (E) provides for another excludable period, as follows: "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is no cause for granting a severance".

excludable for the period the motion to suppress was under
advisement. Rule 36 (b) (2) (A) (vii). Lastly, he found that
the period from August 6, 1982, to September 7, 1982, was
excludable as a continuance granted in the interest of justice
within the meaning of rule 36 (b) (2) (F). Since these ex-
cludable periods extended the date under rule 36 within
which Barry had to be tried, the judge denied the motion to
dismiss.

The record before us consists of the judge's memorandum
explaining his reasons for denying the motion to dismiss, the
transcript of the hearing held on September 8, 1982, the
transcript of the proceedings of August 6, 1982, the dockets,
the minutes of the Superior Court clerk for criminal business
in the cases of Barry and his codefendants, Barry's petition
and supporting memorandum for relief under G. L. c. 211,
§ 3, and a temporary restraining order staying the trial
issued by the single justice. To a large extent, we are in as
good a position as the judge below to decide whether the
time limits imposed by the rule have run. The only matter
on which the judge was in a better position is with regard to
the credibility of the witnesses who testified at the Septem-
ber 8 hearing.[6] That advantage is not significant here, as
there was no serious dispute as to the facts in the hearing be-
fore the judge in the Superior Court. When a claim is raised
under rule 36, the docket and minutes of the clerk are prima
facie evidence of the facts recorded therein. See G. L.
c. 221, § 14 (clerks shall attend all the courts of which they
are clerks and shall record their proceedings).[7] In these cir-

---

[6] At the hearing held on September 8, 1982, a Boston police officer testi-
fied concerning the pursuit and apprehension of White. The assistant dis-
trict attorney assigned to prosecute these cases also testified concerning his
handling of the case and his plans for trying Mesa and Barry.

[7] We recognize that this view will place some burden on the clerk to re-
cord the proceedings accurately. That burden, however, does not extend
beyond that required by G. L. c. 221, § 14. We also note that considera-
tion of a rule 36 motion will be facilitated by permitting the parties to rely
on the docket. If the docket does not record the events accurately, it is for
the parties to bring the discrepancy to the attention of the court. Cf.
Mass. R. Crim. P. 42, 378 Mass. 919 (1979).

cumstances, while we will give deference to the determination made by the judge below, we may reach our own conclusions. See *Brookline* v. *Goldstein,* 388 Mass. 443, 447 (1983).

In determining the proper construction of rule 36, we are guided by its language as well as the mandates of Mass. R. Crim. P. 2 (a), 378 Mass. 844 (1979), that the "rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of expense and delay." In their briefs, the parties have referred also to other sources.[8] "This rule is taken in part from the ABA Standards Relating to Speedy Trial (Approved Draft, 1968) and to a lesser extent from the Federal Speedy Trial Act, 18 USC §§ 3161-74 (Supp 1, 1975), and former GL c 277, §§ 72 (St 1784, c 72) and 72A (St 1965, c 343)." Reporters' Notes to Mass. R. Crim. P. 36, Mass. Ann. Laws, Rules of Criminal Procedure at 524 (1979). The Reporters' Notes provide insight into the proper construction of the rule. Federal decisions which construe the Federal Speedy Trial Act (Federal Act) may be relevant, at least where the language of the Federal Act closely parallels the language of the rule.[9] We also consider the relevance of case law under former G. L. c. 277, §§ 72 and 72A.

Rule 36 provides that a defendant must be brought to trial within a certain period of time after the "return day."

---

[8] We also invited interested parties to submit briefs as amici curiae. We received briefs from the Superior Court, the Attorney General, the Massachusetts Defenders Committee, and counsel for Barry Levin and Earle Groper. We acknowledge the assistance of these briefs in our deliberations.

[9] The Federal Act and rule 36, however, differ in certain material respects. For example, the Federal Act establishes a shorter time period (seventy days), but does not require that an indictment be dismissed with prejudice. See 18 U.S.C. §§ 3161(c)(1) and 3162(a)(2) (1976 & Supp. III 1979). Thus, Federal cases must be used with caution. But where the language of rule 36 follows the Federal Act and the Reporters' Notes suggest an intent to incorporate the language of the Federal Act, the language of the Federal Act will be worthy of our consideration. We have taken cognizance also, to the extent relevant, of the provisions of the ABA Standards Relating to Speedy Trial (Approved Draft, 1968).

Mass. R. Crim. P. 36 (b) (1) (A)-(C).[10]  The "return day" is
"the day upon which a defendant is ordered by summons to
first appear or, if under arrest, does first appear before a
court to answer to the charges against him, whichever is
earlier."  Mass. R. Crim. P. 2 (b) (15), 378 Mass. 844 (1979).
Rule 36 (b) also provides that certain periods shall be ex-
cluded from the computation of the period within which
the defendant must be tried.  "Once the defendant has
established a prima facie delay, and the Commonwealth of-
fers no justification, the defendant is entitled to dismissal of
the indictment without a showing of prejudice.  See Mass.
R. Crim. P. 36 (b) (1) (D), 378 Mass. 910 (1979), and
Reporter's Notes."  *Commonwealth* v. *Look*, 379 Mass.
893, 898-899 n.2, cert. denied, 449 U.S. 827 (1980).

In the present case, Barry, who was under arrest, was
first before a court to answer to the charges against him on
July 9, 1981, the day of his arraignment.  Thus, the return
day was July 9, 1981.  Since this date fell within the third
twelve-month period after the effective date (July 1, 1979)
of the rules of criminal procedure, Barry was to be tried
within twelve months.  Mass. R. Crim. P. 36 (b) (1) (C).
The twelve-month period began to run on July 10, 1981,

---

[10] Massachusetts Rule of Criminal Procedure 36 (b) (1) (A)-(C), 378
Mass. 909 (1978), provides as follows:

"(b) STANDARDS OF A SPEEDY TRIAL.  The time limitations in this subdivi-
sion shall apply to all defendants as to whom the return day is on or after
the effective date of these rules.  Defendants arraigned prior to the effec-
tive date of these rules shall be tried within twenty-four months after such
effective date.

"(1) *Time Limits*.  A defendant, except as provided by subdivision
(d) (3) of this rule, shall be brought to trial within the following time
periods, as extended by subdivision (b) (2) of this rule:

"(A) during the first twelve-month period following the effective
date of this rule, a defendant shall be tried within twenty-four
months after the return day in the court in which the case is await-
ing trial.

"(B) during the second such twelve-month period, a defendant
shall be tried within eighteen months after the return day in the
court in which the case is awaiting trial.

"(C) during the third and all successive such twelve-month per-
iods, a defendant shall be tried within twelve months after the re-
turn day in the court in which the case is awaiting trial."

which was the day after the event which caused this "period of time to begin to run." Mass. R. Crim. P. 36 (b) (3). Thus, the twelve-month period expired on July 9, 1982, and a prima facie showing of delay was established. The Commonwealth, therefore, was required to show that the delay was justified.

Delay can be justified by showing that certain periods should "be excluded in computing the time within which the trial of any offense must commence." Mass. R. Crim. P. 36 (b) (2). The rule specifically states that any period of delay resulting from certain events and acts of the parties should be excluded in computing the time within which a trial must commence. If there are excludable periods of delay which overlap, a day is excluded only once. "Computation of an excluded period shall include both the first and the last day of the excludable act or event." Mass. R. Crim. P. 36 (b) (3). The Commonwealth argues that once it establishes that an act or event triggers an excludable period of time, the exclusion of the period is automatic. We agree.

Several considerations mandate this interpretation. First, the language contained in subdivision (b) (2) that "[t]he following periods [of time] shall be excluded" suggests that the periods listed in the subdivision are to be excluded automatically. *United States* v. *Stafford,* 697 F.2d 1368, 1371 (11th Cir. 1983) (construing identical language of Federal Act). The structure of the rule points to the same result. Since the rule provides for very specific definitions of what constitutes an excluded period, it contemplates that the Commonwealth's burden is primarily to bring a period within one of the exclusions. Second, any other approach would be unworkable. The rule is designed in some measure to operate mechanically. A mechanical operation of rule 36 allows all parties to calculate with reasonable certainty the date within which the defendant must be tried. This certainty would be wholly lost if the Commonwealth had to prove the precise manner in which each excluded period caused delay. Further, given the multitude of factors which might influence the date a trial commences, the Commonwealth would

face a formidable task. The "virtual impossibility" of determining whether an act or event "did or did not actually delay the commencement of a trial" requires the conclusion that each period listed in subdivision (b) (2) is automatically a period of delay. See *United States* v. *Stafford, supra.* Common experience suggests also that the occurrence of the events giving rise to an excluded period will delay a trial. See, e.g., rule 36 (b) (2) (A) (i) (examination of a defendant on mental competency); (b) (2) (A) (iv) (interlocutory appeals); (b) (2) (A) (v) (pretrial motions). "[O]nce it is determined that a period of delay is within the contemplation of [subdivision (b)], that period shall be excluded from computation of the twelve-month limit." Reporters' Notes, *supra* at 527.

This interpretation has been adopted by the Federal courts in construing the Federal Act. Compare 18 U.S.C. § 3161(h)(1) (1976 & Supp. III 1979) ("delay resulting from") with Mass. R. Crim. P. 36 (b) (2) (A) (same). In most cases, the point has simply been assumed. *United States* v. *Jodoin,* 672 F.2d 232, 238 (1st Cir. 1982). *United States* v. *Nance,* 666 F.2d 353, 355 (9th Cir.), cert. denied, 456 U.S. 918 (1982). *Furlow* v. *United States,* 644 F.2d 764, 768 (9th Cir.), cert. denied, 454 U.S. 871 (1981). *United States* v. *Molt,* 631 F.2d 258, 261-262 (3d Cir. 1980). When the point has been pressed, it has been held that excludable time "is automatically triggered once the existence of the proceeding or condition referred to in a particular subsection is established." *United States* v. *Cobb,* 697 F.2d 38, 42 (2d Cir. 1982). No further showing that the act or event caused delay is necessary for the period to be excluded. *Id.* at 41-42. The discussions in *United States* v. *Stafford, supra,* and *United States* v. *Brim,* 630 F.2d 1307, 1311-1313 (8th Cir. 1980), cert. denied, 452 U.S. 966 (1981), are to the same effect.

We believe that the language stating that excluded periods are those which result in delay is relevant in determining the act or event which triggers the excluded period. The Reporters' Notes indicate that this was the view of the drafters

of the rule. Thus, the Notes provide standards for determining the length of the excluded period. E.g., Reporters' Notes to subdivision (b) (2) (B), *supra* at 529. This approach will promote certainty and efficiency in the application of rule 36.

The Commonwealth must justify sixty days of delay. Those days comprise the period from twelve months after the return date to the date a defendant files his motion to dismiss. The filing of the motion, at least where a hearing promptly follows, tolls the running of the time in which a defendant must be tried. See *Commonwealth* v. *Fasano*, 6 Mass. App. Ct. 325, 333-334 (1978). Cf. *United States* v. *Bolden*, 700 F.2d 102, 103 (2d Cir. 1983).

Barry also filed a motion to suppress. Rule 36 (b) (2) (A) (v) provides an excludable period for "delay resulting from hearings on pretrial motions," but rule 36 (b) (2) (A) (vii) provides that only "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement" is excluded. Although Barry's motion to suppress was under advisement for a period exceeding thirty days, only thirty days are excludable.

Since the hearing on his motion to suppress consumed two days, the defendant is willing to concede an additional two days under rule 36 (b) (2) (A) (v), but no more. The Commonwealth argues, however, that the period from the filing of the motion until the conclusion of the hearing should be excluded. The Reporters' Notes adopt a third approach which would exclude the period "from the date on which the request for hearing on the pretrial motion is filed; or, if no such request is filed, from the date the hearing is ordered, until the conclusion of the hearing."[11]   Reporters'

---

[11] Rule 36 (b) (2) (A) (v) provides for the exclusion of "delay resulting from hearings on pretrial motions." The rule is silent as to when the time begins to run, in contrast to the Federal Act, which provides for an exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." 18 U.S.C. § 3161[h] (1) (F) (Supp. III 1979).

Notes, *supra* at 528. We need not decide whether any of these standards, or another standard, should be applied to determine the period of delay which results from the filing of a pretrial motion. We conclude that other periods of delay exist which extended the date within which Barry had to be tried beyond September 7, 1982.

We have stated that the rule is intended to encompass "existing case law under former G. L. c. 277, § 72A, to the extent that a defendant is not automatically entitled to dismissal if he acquiesces, *Commonwealth* v. *Jones*, 6 Mass. App. Ct. 750, 751-753 (1978); is responsible for the delay, *Commonwealth* v. *Loftis*, 361 Mass. 545, 549-550 (1972); or benefits from the delay, *Commonwealth* v. *Alexander*, 371 Mass. 726, 729 (1977)." *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 n.2 (1980). The Reporters' Notes to subdivision (b) (1) also indicate that the rule is to be interpreted with reference to this case law under former G. L. c. 277, § 72A.[12] The Notes to subdivision (b) (2) state that periods of delay in which a defendant acquiesces, for which he is responsible, or from which he benefits should be treated as excluded periods and "are not to be included in the calculation of the time limits of this rule." Reporters' Notes, *supra* at 527.

This reading of the rule is consistent with its purposes. "[A]s its title makes clear, [the rule is] primarily a management tool, designed to assist the trial courts in administering

---

[12] Former G. L. c. 277, § 72A, provided that a defendant who was serving a term of imprisonment could file an application requesting a prompt trial or other disposition thereof of any outstanding charges against him. Once the application was received by the court where the charges were pending, the statute required that the defendant "be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order" within six months. We read the statute as establishing a priority for trial of defendants who are already in custody. *Commonwealth* v. *Stewart*, 361 Mass. 857, 858 (1972). We also held that where the defendant had neither caused, benefited from, nor acquiesced in, a delay, and the Commonwealth failed to offer any explanation or justification for delay beyond the six-month period, the defendant was entitled to dismissal of the charge. See *Commonwealth* v. *Alexander*, 371 Mass. 726, 729-731 (1977).

their dockets." Reporters' Notes, *supra* at 525. For criminal defendants, it creates a means through which defendants who desire a speedy trial can secure one. The opportunity for a speedy trial is the right which the rule can be said to have vested in criminal defendants. But, because the opportunity conferred by the rule is not a fundamental constitutional right, or even a right created by statute, the application of "traditional indicia of waiver of rights" is appropriate. *Commonwealth* v. *Carr*, 3 Mass. App. Ct. 654, 656 (1975). See *Commonwealth* v. *Davis*, 367 Mass. 422, 423-424 (1975). In this context, we conclude that the public interest in the efficient operation of the criminal justice system will be served by the application of the prior case law. The goal of providing defendants with speedy trials can be obtained only if the rule is interpreted to place certain obligations on all parties, including prosecutors, the trial courts, and defendants.[13] If the rule is read to relieve

[13] Our disposition in the present case serves to emphasize the obligation of defense counsel to object to delay. We note, however, that counsel need not object where a procedure and timetable is established by the rules. Thus, under Mass. R. Crim. P. 11 and 13, 378 Mass. 862, 871 (1979), the court is to establish a date for the filing of a pretrial conference report, and the parties are given seven days after its filing to file pretrial motions. Unless the defendant agrees to the extension of that period, as in the present case, the period between the return date and the date set for the filing of pretrial motions will be included in the computation of the time limits under the rule.

We also note that the primary responsibility for setting a date for trial lies with the district attorney. See G. L. c. 278, § 1. Thus, where the case is not continued by agreement, and the district attorney simply sets a trial date, the intervening period will be included in the computation of the time limits under the rule. In future cases where the district attorney has not brought the defendant to trial within the time limits of the rule, as extended by any periods of justified delay, we will not hesitate to dismiss the indictments.

The court, also, has a duty to control its own docket and to ensure that criminal cases are brought to trial within the time prescribed by rule 36. See ABA Standards Relating to Speedy Trial § 1.2 (Approved Draft 1968). It should be noted that, while § 2.3(b) of the ABA Standards recognizes congestion of the trial docket as justification for delay in exceptional circumstances, rule 36 has no such specific exclusion. We need not reach the issue in this case whether court congestion is a permissible basis for a finding under rule 36 (b) (2) (F).

defendants of the obligation to press their case through the criminal justice system, the public interest often will be thwarted by those defense counsel who decide that delay is the best defense tactic.[14] See *Barker* v. *Wingo*, 407 U.S. 514, 521 (1972). Moreover, dismissal is a remedy which infringes drastically on the public interest in bringing guilty persons to trial. See *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210 (1983). Dismissal is not called for where a defendant is at least partially responsible for delaying the date of a trial beyond that set by the rule.

We do not think that our application of the prior case law to the treatment of excludable periods is contrary to subdivision (b) (2) (F) of rule 36. That subdivision excludes delay resulting from the granting of continuances only if the judge finds the continuance to be in the interest of justice.[15] The provision serves two salutary purposes. First, it provides a means through which the parties can protect themselves against the rigors of the rule. It establishes a procedure similar to the preferred practice, under the former G. L. c. 277, § 72A, of seeking extensions of the statutory period. See *Commonwealth* v. *Alexander*, 371 Mass. 726, 731 (1977); *Commonwealth* v. *Boyd*, 367 Mass. 169, 179 (1975); *Commonwealth* v. *Loftis*, 361 Mass. 545, 549 (1972). Second, the provision is designed to ensure that courts meet

---

[14] Because of explicit legislative history concerning the point, it has been held that a waiver theory is not to be applied under the Federal Act. See *United States* v. *Carrasquillo*, 667 F.2d 382, 388-390 (3d Cir. 1981). The potential for "unsettling" results where a waiver theory is not applied has been pointed out. *Id.* at 390-391 (Higginbotham, J., concurring).

[15] The language of rule 36 (b) (2) (F) is: "Any period of delay resulting from a continuance granted by a judge on his own motion or at the request of the defendant or his counsel or at the request of the prosecutor, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interests of the public and the defendant in a speedy trial. No period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subdivision unless the judge sets forth in the record of the case, either orally or in writing, his reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial."

their obligations to the public to try criminal defendants swiftly. The granting of continuances, which are not encompassed as excludable periods under the rule, can frustrate the public interest as much as other causes of delay. The provision of rule 36 (b) (2) (F), therefore, seeks to encourage the exercise of oversight by the court over the progress of criminal prosecutions.

We turn to apply these principles to the case at bar. The dockets indicate that, at the very least, the defendant acquiesced in delay on several occasions. He either agreed, or did not object, to the extension of dates set for the filing of the pretrial conference report.[16] Once the report was filed, he agreed to a continuance "for trial" until November 2, 1981. On November 2, 1981, the defendant took no action to secure a trial or even the resolution of outstanding motions.

In these circumstances, the period beginning with the date the pretrial conference report was to be filed, July 30, 1981, until November 2, 1981, is not to be included in the calculation of the time limits of the rule. When a defendant has agreed to a continuance, or has not entered an objection to delay, he will be held to have acquiesced in the delay. See *Commonwealth* v. *Daggett,* 369 Mass. 790, 793 (1976); *Commonwealth* v. *Loftis, supra* at 549-550; *Commonwealth* v. *Campbell,* 5 Mass. App. Ct. 571, 577-578 (1977), limited on other grounds, *Commonwealth* v. *Look,* 379 Mass. 893, 901 (1980); *Commonwealth* v. *Ambers,* 4 Mass. App. Ct. 647, 652-653 (1976); *Commonwealth* v. *Carr, supra* at 657.[17] Since this period far exceeds the number of

---

[16] *As discussed in note 1, supra,* the dockets of three of the indictments do not indicate that any action was taken on July 30, 1981. The discrepancy is not significant. Where a date is set for the filing of reports or motions, or for trial, and the defendant does not enter an objection when the date passes without any action being taken, he will be deemed to have acquiesced in delay.

[17] We note that the prior case law is encompassed in the rule only to the extent that the defendant is not entitled to dismissal if he acquiesces in, is responsible for, or benefits from, the delay. The rule clearly intended to change other aspects of the prior case law.

days which the Commonwealth had to justify, we affirm[18] the denial of the motion to dismiss without going any further.[19]

The case is remanded to the county court for entry of judgment in accordance with this opinion.

*So ordered.*

---

[18] We may affirm a ruling below on a ground not relied upon by the judge. *Beeler* v. *Downey*, 387 Mass. 609, 613 n.4 (1982), and cases cited.

[19] Our decision only addresses the proper construction of rule 36. The defendant has not argued any constitutional or statutory claims. No claim of prejudice resulting from delay is asserted under Mass. R. Crim. P. 36 (c).