Commonwealth *vs.* Douglas E. Weed.

No. 10-P-815.

Berkshire. March 12, 2012. - July 11, 2012.

Present: Cypher, Smith, & Fecteau, JJ.

*Practice, Criminal,* Speedy trial.

This court concluded that dismissal of indictments against a criminal defendant was required under Mass.R.Crim.P. 36(b)(1)(c), where the defendant's failure to object or to move for trial did not absolve the Commonwealth of its responsibility for setting a date for trial and did not render excludable a delay of eighty-two days beyond the twelve-month limit of the rule. [124-128]

Indictments found and returned in the Superior Court Department on August 17, 2007.

A motion to dismiss was heard by *Daniel A. Ford,* J.

*Stacy J. Silveira* for the defendant.

*Karen L. Carlo,* Assistant District Attorney, for the Commonwealth.

Cypher, J. The defendant, Douglas E. Weed, was indicted by a grand jury in July, 2007, on eight sex offenses, and was arraigned on those charges on August 27, 2007. After arraignment, the charges were bifurcated; five counts were tried separately and are not part of this appeal.[1] When, by February 23, 2009, the defendant had not yet been tried on any of the

[1] The trial on those five charges began on March 10, 2009 (two counts of statutory rape and three counts of indecent assault and battery on a child over fourteen years of age); guilty verdicts on all five counts were returned on March 12, 2009; and the defendant was sentenced on March 16, 2009, to two terms of ten to fifteen years to be served concurrently, and three terms of four to five years to be served concurrently with the ten- to fifteen-year sentences. The defendant appealed to this court, and we affirmed in an unpublished memorandum and order pursuant to our rule 1:28. See *Commonwealth* v. *Weed,* 79 Mass. App. Ct. 1119 (2011).

charges, he filed a motion to dismiss on the ground that he had not been brought to trial within twelve months of his arraignment as required by Mass.R.Crim.P. 36(b)(1), 378 Mass. 909 (1979). The defendant's motion was denied. On September 17, 2009, and January 13, 2010, the defendant filed rule 36(b)(1) motions to dismiss the remaining three charges (two counts of statutory rape and one count of failure to register as a sex offender[2]) (remaining charges); both motions were denied. He was tried and convicted on the remaining charges by a jury in January, 2010.[3] On appeal he claims error in the denial of the motion to dismiss filed on January 13, 2010. We agree that the remaining charges should have been dismissed pursuant to rule 36.

*Discussion.* When a criminal defendant is not tried within the twelve-month time limit set forth under rule 36(b)(1)(C), he is entitled to dismissal of the charges without being required to demonstrate prejudice. See Mass.R.Crim.P. 36(b)(1)(D); *Commonwealth* v. *Rodgers*, 448 Mass. 538, 539-541 (2007). Dismissal is not required, however, if the delay comes within one of the "[e]xcluded [p]eriods" set forth in rule 36(b)(2), or if the defendant "acquiesced in, was responsible for, or benefited from the delay." *Commonwealth* v. *Spaulding*, 411 Mass. 503, 504 (1992). Here, the judges who ruled on the defendant's motions decided them "without taking any testimony and instead relied on the docket and other documentation submitted by the parties, all of which we have before us[; therefore,] we are in as good a position as the judge[s] below to decide whether the time limits imposed by [rule 36] have run." *Commonwealth* v. *Butler*, 68 Mass. App. Ct. 658, 661 (2007), quoting from *Barry* v. *Commonwealth*, 390 Mass. 285, 289 (1983). "[W]hile we will give deference to the determination made by the judge below, we may reach our own conclusions." *Barry* v. *Commonwealth, supra* at 290.

In the present case, the defendant was arraigned on August

---

[2]The Commonwealth entered a nolle prosequi on the charge of failing to register as a sex offender.

[3]The defendant was sentenced to two terms of twelve to fifteen years in State prison to be served concurrently with each other but from and after the sentences imposed on the five counts tried earlier. See note 1, *supra*.

27, 2007, and his trial on the remaining charges commenced on January 14, 2010. That period totals 870 days and exceeds the twelve-month (365 days) requirement of rule 36 by 505 days. Thus, the defendant has made out a prima facie case of a rule 36 violation. To overcome this showing, the burden is on the Commonwealth to demonstrate that a particular period or periods should be excluded from the calculation. See *Commonwealth* v. *Spaulding, supra* at 504-505; *Barry* v. *Commonwealth, supra* at 291-292. On appeal, the Commonwealth acknowledges that 365 days were properly included in the rule 36 calculation and argues that because this period does not exceed the time period permitted under the rule, the denial of the defendant's motion to dismiss should be affirmed.

We briefly summarize the includable 365 days. For purposes of analysis the days can be divided into three periods. The first two periods were determined by the motion judge in his ruling on the defendant's motion to dismiss filed on February 23, 2009. The initial period began the day after arraignment, August 28, 2007,[4] and ran until December 7, 2007, seven days following the pretrial conference, and properly includes 102 days. See *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13; *Commonwealth* v. *Rodgers*, 448 Mass. at 541 ("The time period between the arraignment date up through seven days beyond the filing of the pretrial conference report is ordinarily included in the calculation of elapsed days"). The second period runs from January 9, 2008, the day after all outstanding motions were resolved, until August 20, 2008, the day before the next pretrial conference was to be held,[5] a period totaling 224 days.[6] These two periods represent 326 days.

---

[4]"In computing any time limit other than an excluded period, the day of the act or event which causes a designated period of time to begin to run shall not be included. Computation of an excluded period shall include both the first and the last day of the excludable act or event." Mass.R.Crim.P. 36(b)(3).

[5]In February, 2008, a "final" pretrial conference was scheduled for August 20, 2008. That date passed as a result of an agreement reached by the parties on August 5, 2008, that the conference should be rescheduled for September 3, 2008. See generally *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13. Because the defendant agreed to continue this scheduled date, which marked the end of a clearly includable period under the rule, the time thereafter, between the scheduled date and the date the conference actually occurred, is excluded. See *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. 25, 27-28 (1995)

The final period was determined by the trial judge, who denied the defendant's third motion to dismiss. The judge correctly ruled that the thirty-seven day period from November 30, 2009, until January 3, 2010, and January 11 and January 12, 2010, when the defendant's case was on the trial list, was includable. See *Commonwealth* v. *Spaulding*, 411 Mass. at 507-508. In addition, the Commonwealth properly conceded at oral argument that November 28 and November 29, 2009, the two weekend days preceding November 30, 2009, must also be included in this calculation.[7] Adding these thirty-nine days to the previously determined 326 days brings the total to 365 includable days under rule 36. For our analysis this number represents the minimum number of includable days under rule 36 and is not the ceiling for our calculation.

In addition to these includable days, the defendant argues on appeal, as he did below, that the periods during which his case was on the "status list" or on the "trial list" must also be included in the rule 36 time. The defendant's case was on the status list or trial list without impediment to trial from March 31, 2009, until May 26, 2009, a period of fifty-seven days, and from October 8, 2009, until November 1, 2009, a period adding twenty-five more days to the calculus. Together, these two periods reflect an additional eighty-two days of delay.

The trial judge considered these periods in ruling on the defendant's third motion to dismiss. He decided that because the defendant had not objected to being placed on the status list or to being placed on the trial list, and because he had not

(agreement to specific periods of delay distinguishable from failure to object to unlimited period of delay).

[6]In deciding the first motion to dismiss, the motion judge ruled that this period included only 223 days, apparently omitting February 29, 2008, from the calculation. On appeal, the Commonwealth properly agrees that this period includes 224 days, not 223 days as determined by the motion judge.

[7]The trial judge ruled that it would not "be appropriate" to include these two weekend days that followed the Thanksgiving holiday because the defendant had obtained a protective order from trial that included Friday, November 27, 2009. However, Mass.R.Crim.P. 46, 378 Mass. 922 (1979), like Mass.R.Civ.P. 6, 365 Mass. 747 (1974), provides that such weekend days and holidays shall be included in calculations of time. There is no support in rule 36 or the decisional law for excluding days merely because they fall on a weekend, be it a holiday or otherwise.

requested a trial date be set, he had "implicitly 'acquiesced in the passage of time,'" quoting from *Commonwealth* v. *Marable*, 427 Mass. 504, 508 (1998), and that these periods, therefore, may not be counted against the Commonwealth.[8] It is certainly true that when a scheduled date passes without objection by the defendant, or if he agrees to the continuance of a scheduled date, he will be deemed to have acquiesced in the delay. See *Commonwealth* v. *Spaulding*, 411 Mass. at 506. "However, we have never held that rule 36 time does not begin to run until the defendant first makes an objection. Such a holding would upset the balance of obligations envisioned by the rule, under which the 'primary responsibility for setting a date for trial lies with the district attorney.'" *Ibid*, quoting from *Barry* v. *Commonwealth*, 411 Mass. at 296 n.13. During the periods when a criminal case is placed on a status list or trial list, the "responsibility . . . passe[s] to the Commonwealth" to set the case for trial. *Id*. at 508. See *Commonwealth* v. *Marable*, 427 Mass. at 507 n.3. Here, the defendant's failure to object or to move for a trial date does not absolve the Commonwealth of its "responsibility for setting a date for trial," *Commonwealth* v. *Spaulding*, *supra*, and does not render these eighty-two days excludable. See *ibid*. When the eighty-two days are added to the 365 days outlined above, the rule requires that the defendant's indictments in this case be dismissed. Having reached this conclusion we need not address the defendant's claim that he was deprived of his constitutional right to a speedy trial.

The judgments of conviction are reversed and the verdicts set

---

[8]The trial judge also noted that from March 31, 2009, until May 27, 2009, deoxyribonucleic acid (DNA) testing had not been completed, and counsel was facing a serious claim from the defendant that ultimately resulted in a motion to withdraw being filed on May 27, 2009. The judge concluded that the defendant benefited from this delay. The difficulty with the judge's conclusions is the lack of evidentiary support that the defendant had any interest in waiting for the DNA results or that he and his attorney were not prepared to try the case during this period. A motion to withdraw will certainly toll the running of rule 36 time, but the period preceding the motion is not similarly excluded. See, e.g., *Commonwealth* v. *Judd*, 25 Mass. App. Ct. 921, 923 (1987). That the defendant had already filed one motion for a speedy trial in January, 2009, followed by a motion to dismiss for failure to provide a speedy trial that was decided before the period at issue, undercuts any notion that he was benefiting from or acquiescing in any delay. Moreover, even if we were to exclude this period, it would not alter the result.

aside. The order dated January 27, 2010, denying the motion to dismiss the indictments on which the defendant was convicted is vacated, and an order is to enter allowing the motion as to those indictments.

*So ordered.*