VIL, COMMONWEALTH vs., 101 Mass. App. Ct. 175

 
 COMMONWEALTH vs. GARRETT VIL.

101 Mass. App. Ct. 175
 February 2, 2022 - June 9, 2022

Court Below: Superior Court, Berkshire County
Present: Milkey, Desmond, & Lemire, JJ.

 

No. 19-P-1181.

Practice, Criminal, Speedy trial, Delay in commencement of prosecution. Constitutional Law, Speedy trial, Delay in commencement of prosecution. Due Process of Law, Delay in commencement of prosecution. Rules of Criminal Procedure.

A Superior Court judge erred in denying a criminal defendant's pretrial motion to dismiss the indictments against him based on a violation of his right to a speedy trial, where, taking into account the parties' agreed-upon exclusions, the delay occasioned by the defendant's motion for reconsideration of bail, and the days attributable to the time permitted for filing pretrial motions, but not the delay caused by the codefendant's motions for protective orders since the Commonwealth could not establish that the defendant acquiesced to such delay, the Commonwealth failed to demonstrate that all of the days pending trial in excess of one year were excludable when the proper version of Mass. R. Crim. P. 13 was applied. [178-185]

Indictments found and returned in the Superior Court Department on August 10, 2017. 

 A motion to dismiss was heard by John A. Agostini, J., and the cases were tried before him. 

Justin Drechsler for the defendant.

Jocelyn A. McGrath, Assistant District Attorney, for the

Commonwealth.

 DESMOND, J. Prior to trial, the defendant, Garrett Vil, moved to dismiss the indictments against him, contending that he had not been brought to trial within one year as required by Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979) (rule 36). Following a hearing, a Superior Court judge denied the motion, reasoning that the Commonwealth had satisfied its burden in demonstrating that the days pending trial in excess of one year were excludable and thus the defendant's right to a speedy trial under rule 36 (b) had not been violated. In reaching this conclusion, the judge relied on the Commonwealth's argument that, under Barry v. Commonwealth, 390 Mass. 285, 296 n.13 (1983), a defendant is permitted seven 

 Page 176 

days to file pretrial motions after the filing of the pretrial conference report, and any additional time awarded to a defendant beyond seven days is excluded. While the logic of this principle holds true, the rule underlying it was changed after Barry was decided. In 2004, Mass. R. Crim. P. 13, as appearing in 442 Mass. 1516 (2004) (rule 13), which formerly required the filing of pretrial motions within seven days of the pretrial conference report, was amended to allow for the filing of such motions within twenty-one days after the pretrial hearing. Under this rule change, which seemingly went unnoticed for years, much less excludable time is available to the Commonwealth than has generally been assumed. When we apply the proper version of rule 13 to this case, the Commonwealth has not met its burden justifying the delay in excess of one year; accordingly, we reverse. [Note 1]

 Background. We summarize the procedural history of this case in some detail. [Note 2] On August 17, 2017, the defendant was arraigned on seven indictments [Note 3] arising out of an incident occurring on March 4, 2017, wherein the defendant showed up uninvited to a motel room occupied by several people he knew, including a former girlfriend, and physically assaulted at least one of those people multiple times. On the date of his arraignment, the defendant was appointed counsel, and a pretrial hearing was scheduled for November 8, 2017.

 On November 8, 2017, the parties appeared for the pretrial hearing and filed the pretrial conference report. However, by agreement, the hearing was continued to the following day. The next day, November 9, the hearing was held, and the judge scheduled December 20 as the deadline for filing dispositive motions. The judge further scheduled the hearing for any such motions for January 16, 2018, and the final pretrial conference for June 20, 2018. The case was also placed on the presumptive July trial list.

 On December 8, 2017, the Commonwealth filed a motion to 

 Page 177 

join the defendant's case with that of Keri McIntosh, who was present and participated in the incident in the motel room. The motion was not acted upon at that time. On January 16, 2018, despite the defendant not having filed any motions by the December deadline, the parties appeared for a motion hearing. At that time, the defendant's counsel filed a motion to withdraw as counsel for the defendant due to a breakdown of the attorney-client relationship. The motion was allowed that same day. On January 23, 2018, the judge conducted a hearing, and the defendant was assigned new counsel. At the hearing, the judge gave the new attorney a new motion filing deadline of March 2, 2018. Additionally, counsel requested that the final pretrial conference be moved forward from June 20 to June 12, 2018, which was allowed, and the case was placed on the July jury trial list. Once again, the defendant did not file any motions by the deadline. 

 On May 11, 2018, the defendant filed a motion for reconsideration of bail. A bail hearing was held on May 23, 2018, and the motion was denied on that same date. 

 On June 21, 2018, the final pretrial conference was held, after the court, sua sponte, rescheduled it from June 12. At the conference, the Commonwealth's motion for joinder was allowed, and the joined case remained on the July jury trial list. On July 2, 2018, the parties appeared for a trial assignment conference, and both the Commonwealth and the defendant answered ready for trial. However, due to court congestion, the case was not tried in July and was instead placed on the September trial list. [Note 4] On September 4, 2018, the parties appeared for a second trial assignment conference, and again both sides answered ready for trial. That notwithstanding, again due to court congestion, the case was not tried that month. The case was instead placed on the November trial list. [Note 5]

 Page 178 

 On October 19, 2018, the defendant filed a motion to dismiss, pursuant to rule 36 (b), for lack of a speedy trial. The Commonwealth opposed the motion, contending that the days pending trial attributable to the Commonwealth fell short of one year because the defendant acquiesced in or benefited from many of the delays in the case, and thus they were excludable from the speedy trial calculation pursuant to rule 36 (b). On November 15, 2018, following a hearing, the judge concluded "that the Commonwealth is correct regarding the excludable time and this case is well within the time to bring this case to trial." [Note 6] The defendant's motion was accordingly denied.

 Four days later, on November 19, 2018, the defendant's trial commenced. [Note 7] Following trial, a jury found the defendant guilty of assault and battery causing serious bodily injury, G. L. c. 265, § 13A (b), and threatening to commit a crime, G. L. c. 275, § 2. The defendant was sentenced to a committed term of from four to five years in State prison and a concurrent term of commitment of six months in the house of correction. [Note 8] This appeal ensued.

 Discussion. In reviewing the defendant's speedy trial claim on appeal, "'[w]e are in as good a position as the judge below to decide whether the time limits imposed by [rule 36 (b)] have run' where the judge's findings, as here, rest solely on the docket, the clerk's minutes, and additional evidence in the record" (citation 

 Page 179 

omitted). Commonwealth v. Dirico, 480 Mass. 491, 496 (2018). See Barry, 390 Mass. at 289 ("When a claim is raised under rule 36, the docket and minutes of the clerk are prima facie evidence of the facts recorded therein"). "In these circumstances, while we will give deference to the determination made by the judge below, we may reach our own conclusions." Commonwealth v. Farris, 390 Mass. 300, 304 (1983), quoting Barry, supra at 289-290.

 Rule 36 "creates a means through which [criminal] defendants who desire a speedy trial can secure one." Commonwealth v. Graham, 480 Mass. 516, 522 (2018), quoting Barry, 390 Mass. at 296. Under the rule, "a criminal defendant who is not brought to trial within one year of the date of arraignment is presumptively entitled to dismissal of the charges unless the Commonwealth justifies the delay." Graham, supra, quoting Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992). The Commonwealth may "justify the delay, either by showing that it falls within one of the 'excluded periods' enumerated under rule 36 (b) (2) or by showing that 'the defendant acquiesced in, was responsible for, or benefited from the delay.'" Graham, supra at 517, quoting Spaulding, supra. If the Commonwealth fails to meet its burden in justifying the delay, dismissal is with prejudice. See Dirico, 480 Mass. at 497.

 Here, because the defendant was not tried within one year of the date of his arraignment, he has established a prima facie violation of rule 36. See Graham, 480 Mass. at 523. The burden thus shifts to the Commonwealth to justify the delay. Id. The Commonwealth and the defendant agree that the number of days that elapsed between the defendant's arraignment on August 17, 2017, and the date on which the defendant filed his motion to dismiss, October 19, 2018, is 428 days. [Note 9] Subtracting 365 days from this period leaves sixty-three days that the Commonwealth must justify as excludable.

 1. Agreed-upon exclusions. We begin by addressing the periods excludable from the rule 36 calculation on which the parties agree. Both parties agree that, because the defendant assented to a continuance of the pretrial hearing from November 8 to November 9, 2017, he acquiesced in that delay, and those two days 

 Page 180 

are not attributable to the Commonwealth. [Note 10] See Barry, 390 Mass. at 298 ("When a defendant has agreed to a continuance, or has not entered an objection to delay, he will be held to have acquiesced in the delay"). The parties further agree that eight days are excluded based on the period of time from January 16, 2018, when the defendant's counsel withdrew, to January 23, 2018, when the defendant was assigned new counsel. See Commonwealth v. Denehy, 466 Mass. 723, 732 (2014) (period where defendant "unrepresented and sought replacement counsel . . . excluded because the defendant benefited from this delay"). Accordingly, fifty-three days remain that the Commonwealth must justify. 

 2. Motion for bail reconsideration. The Commonwealth argues that, under rule 36 (b) (2) (A) (v), thirteen days are excluded due to the delay occasioned by the defendant's motion for reconsideration of bail. Rule 36 (b) (2) (A) (v) provides that any "delay resulting from hearings on pretrial motions" should not be included "in computing the time within which the trial of any offense must commence." [Note 11] Although the defendant contends that the Commonwealth waived reliance on the rule 36 (b) (2) exclusions by failing to specifically argue for them in its opposition to his motion to dismiss, we may affirm the judge's ruling "on any grounds supported by the record." Commonwealth v. Bartlett, 465 Mass. 112, 117 (2013). The defendant concedes that, if the Commonwealth did not waive reliance on rule 36 (b) (2) (A) (v), thirteen days are excluded for his motion for reconsideration of bail. Accordingly here, where the judge below ruled that the Commonwealth had satisfied its burden, we accept that the Commonwealth can justify thirteen days based on the defendant's motion for reconsideration of bail, despite its failure to cite to the specific subsection of rule 36 (b) (2) in the Superior Court. Contrast Graham, 480 Mass. at 525-526 (where Commonwealth failed to justify delay in lower court, it waived reliance on rule 36 [b] [2] exclusions by failing to specially argue for them in opposition to 

 Page 181 

defendants' motion to dismiss). This leaves forty remaining days that the Commonwealth must justify.

 3. Time for filing pretrial motions. Where a defendant agrees to an extension of time to file pretrial motions beyond what is permitted by the rules of criminal procedure, the additional time is not attributable to the Commonwealth and is excluded. See Barry, 390 Mass. at 296 n.13. At the time Barry was decided, rule 13 required pretrial motions to be filed within seven days of the filing of the pretrial conference report. See Mass. R. Crim. P. 13 (d) (2) (A), 378 Mass. 871 (1979). This meant that any time afforded to the defendant beyond seven days was excludable from the rule 36 calculation. See Barry, supra. See also Commonwealth v. Rodgers, 448 Mass. 538, 541 (2007). The Commonwealth, under the mistaken belief that the seven-day rule was still applicable, argued in its brief that it could justify an additional sixty-six days based on this principle. However, as the defendant points out, and the Commonwealth acknowledged at oral argument, rule 13 was amended in 2004 to allow additional time beyond just seven days to file pretrial motions, a development that has thus far not been addressed by our rule 36 jurisprudence. [Note 12] See Mass. R. Crim. P. 13 (d) (2), as appearing in 442 Mass. 1516 (2004). The defendant contends that, when the logic of Barry is applied to the current version of rule 13, the Commonwealth can justify far less excludable time. We agree and conclude that only thirty-seven days are excluded based on the time permitted for filing pretrial motions. 

 Prior to its amendment, rule 13 (d) (2) (A) provided that "[a] pretrial motion shall be filed within seven days after the date set for the filing of the pretrial conference report." Mass. R. Crim. P. 13, 378 Mass. 871 (1979). In 2004, however, that particular portion of the rule was changed to allow for the filing of pretrial motions any time "before the assignment of a trial date pursuant to Rule 11 (b) or (c) or within [twenty-one] days thereafter, unless 

 Page 182 

the court permits later filing for good cause shown." Mass. R. Crim. P. 13 (d) (2), as appearing in 442 Mass. 1516 (2004). "In effect, this provides [twenty-one] days after the pretrial hearing or compliance hearing, whichever is later, since under Rule 11 it is there that the trial date or trial assignment date must be set . . . ." Reporters' Notes (Revised, 2004) to Rule 13 (d) (2), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 148 (LexisNexis 2021). Thus, under the amended rule, the defendant may file pretrial motions up to twenty-one days after the pretrial hearing, and it is any time beyond that period that is excludable. 

 Turning from theory to practice, at the pretrial hearing on November 9, 2017, the defendant was afforded until December 20 to file pretrial motions. The defendant argues that, because he never filed any motions within the allotted time, none of those days are excluded. We reject this view. Defendants have an obligation to "press their case through the criminal justice system," Graham, 480 Mass. at 530, quoting Commonwealth v. Lauria, 411 Mass. 63, 68 (1991), and if the defendant agrees or fails to object to the continuance of a date, such as a filing deadline, "then that time can be excluded based on the defendant's acquiescence." Graham, supra at 532. See id. at 518, 533 (delay need not affect presumptive trial date to be excluded). See, e.g., Commonwealth v. Amidon, 428 Mass. 1005, 1006 (1998) (where defendant agreed to extension of motion filing deadline, defendant acquiesced in delay despite not filing motions by deadline). Therefore, contrary to the defendant's contention, any time exceeding the twenty-one days permitted by rule 13 can be excluded. See Barry, 390 Mass. at 296 n.13. Twenty-one days from the pretrial hearing date was November 30, 2017. Because the defendant was provided with twenty additional days to file pretrial motions beyond that date, twenty days must be excluded. [Note 13] 

 The second period of time at issue is the duration between the 

 Page 183 

hearing on January 23, 2018, where the defendant was assigned new counsel, and March 2, 2018, the deadline provided to new counsel for filing motions. Importantly, both parties agree that the defendant was permitted some period of time following this hearing to file motions, and that the permissible period of time is included in the speedy trial calculation. At oral argument, the Commonwealth effectively conceded that, applying the current version of rule 13 to this case, twenty-one days, rather than seven, must be deducted from this thirty-eight-day period to arrive at the correct number of excluded days. This yields seventeen excludable days, amounting to a total of thirty-seven days that the Commonwealth can justify based on extensions awarded to the defendant for filing pretrial motions. Thus, in order to overcome the presumption of dismissal, the Commonwealth must justify three additional days. 

 4. Codefendant's motions for protective orders. For the first time at oral argument, the Commonwealth argued that it could justify the remaining days by demonstrating that the defendant acquiesced in delays arising from the codefendant's motions for protective orders from certain trial dates. [Note 14] Following oral argument, we requested supplemental briefing from the parties addressing this issue.

 In its supplemental brief, the Commonwealth asserts that it can justify five days based on two motions for protective orders filed by the codefendant: one filed on June 27, 2018, where the codefendant moved for a protective order from trial for four days from July 23 to July 26, 2018, and one filed on August 21, 2018, where the codefendant moved for a protective order from September 17, September 19, September 24, and September 25, 2018. Three of the September dates the codefendant sought to protect overlap with dates the Commonwealth sought to protect, leaving five days protected by the codefendant alone. [Note 15] The Commonwealth contends that, because the defendant did not object to 

 Page 184 

the codefendant's motions, he acquiesced in delays caused by the dates the codefendant moved to protect. The Commonwealth alternatively argues that, because the defendant did not object to joining his case with the codefendant's, we may exclude additional time based on "[a] reasonable period of delay" occasioned by the joinder. Mass. R. Crim. P. 36 (b) (2) (E). See Amidon, 428 Mass. at 1008 ("a reasonable period of delay is to be expected and permitted when defendants are joined for trial").

 To begin, we observe that, despite being explicitly asked by the judge at the hearing on the defendant's motion to dismiss whether any exclusions were based on joinder or conduct of the codefendant, the Commonwealth did not argue that any time should be excluded based on joinder of the cases, pursuant to rule 36 (b) (2) (E), or the defendant's acquiescence in any action of the codefendant. Nor did the Commonwealth cite joinder or the codefendant's motions for protective orders as bases for excluding time in its written opposition to the defendant's motion to dismiss or in its accompanying affidavit. See Graham, 480 Mass. at 525-526 (failure to argue for exclusions before motion judge amounts to waiver). 

 Notwithstanding the Commonwealth's failure to raise these theories below, as we have noted, we may affirm "on any grounds supported by the record." Bartlett, 465 Mass. at 117. Here, however, the record does not demonstrate that there was any delay caused by the joinder itself, or that the defendant was notified of the codefendant's motions for protective orders such that he can be deemed to have acquiesced to them. See Graham, 480 Mass. at 530, quoting Reporters' Notes to Rule 36 (b) (2), Massachusetts Rules of Court, Rules of Criminal Procedure, at 210 (Thomson Reuters 2018) ("The determination whether a defendant acquiesced in delay is often retrospective, and therefore requires 'a thorough examination of the record'"). Notably, neither of the codefendant's motions for protective orders is listed on the defendant's docket sheet. [Note 16], [Note 17] See Farris, 390 Mass. at 303-304 (docket entries prima facie evidence of facts recorded therein). Because the Commonwealth, which bears the ultimate burden of justifying the delay under rule 36, failed to develop a 

 Page 185 

record that demonstrates that the defendant was aware of, and either agreed or failed to object to the codefendant's motions, we cannot conclude that it satisfied its burden in establishing that the defendant acquiesced to the delay caused by those motions. As a result, the Commonwealth falls short of justifying the requisite number of days, and accordingly, rule 36 requires that the indictments be dismissed.

 Conclusion. For the foregoing reasons, the judgments are reversed, and the verdicts are set aside. The order denying the defendant's motion to dismiss the indictments is reversed, and an order shall enter allowing the motion to dismiss. 

 So ordered. 

FOOTNOTES
[Note 1] Given the result we reach, we need not address the defendant's other claims of error. 

[Note 2] We take the facts from "the docket, the clerk's minutes, and additional evidence in the record." Commonwealth v. Dirico, 480 Mass. 491, 496 (2018). 

[Note 3] The indictments charged the defendant with mayhem, G. L. c. 265, § 14; assault and battery causing serious bodily injury, G. L. c. 265, § 13A (b) (i); assault and battery by means of a dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A (c) (i); assault and battery, G. L. c. 265, § 13A (a); threat to commit a crime, G. L. c. 275, § 2; and two counts of intimidation of a witness, G. L. c. 268, § 13B (1) (c) (i). 

[Note 4] On July 18, 2018, the defendant filed a motion for a speedy trial and requested that he be tried during July or September 2018. The judge did not act on the motion. The parties do not appear to dispute that this motion, which was filed prior to one year from the defendant's arraignment, was premature and has no impact on the rule 36 calculation. However, the filing of this motion should have at least alerted the Commonwealth that the defendant intended to press his case forward to secure his right to a speedy trial pursuant to rule 36. 

[Note 5] Because there was no recording of either of the trial assignment conferences, the parties submitted a stipulation of those events to the Superior Court, which was approved, pursuant to Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1979). In their stipulation, the parties explained that, in the Superior Court in Berkshire County at the time of these proceedings, the criminal trial list was called on the first business day of every other month, and the civil trial list was called on the noncriminal months. The Commonwealth and the defendant stipulated that they both were ready for trial during the months of July and September 2018 (the criminal trial months), but that other cases took priority over the defendant's case. Significantly, they stipulated that neither party requested that the case be moved from the July or September trial list and that neither party assented to any of the delays caused by court congestion, which ultimately caused the defendant's case to be moved to the November trial list. 

[Note 6] On appeal, the parties agree that in their trial court filings, they both mistakenly calculated the number of days that elapsed between the defendant's arraignment and the motion to dismiss as 427 days, rather than 428, and the number of days that the Commonwealth was required to justify as sixty-two days, rather than sixty-three. See infra at 179. The Commonwealth also correctly concedes that it inaccurately calculated the number of excludable days in its opposition to the defendant's motion to dismiss. 

[Note 7] The codefendant pleaded guilty to witness intimidation and larceny from the person on the first day of trial. 

[Note 8] The defendant received a credit of 498 days for the time he spent in pretrial custody. At oral argument, the Commonwealth represented that the defendant, having served his sentence, was released from custody at the end of October 2021. 

[Note 9] "The filing of a motion to dismiss under rule 36 tolls the running of the time in which the defendant must be tried." Graham, 480 Mass. at 523 n.10. 

[Note 10] Pursuant to rule 36 (b) (3), "In computing any time limit other than an excluded period, the day of the act or event which causes a designated period of time to begin to run shall not be included. Computation of an excluded period shall include both the first and the last day of the excludable act or event." 

[Note 11] "An excludable delay under rule 36 (b) (2) (A) (v) is calculated as the time between 'the date on which the request for hearing on the pretrial motion is filed, or, if no such request is filed, from the date the hearing is ordered, until the conclusion of the hearing.'" Graham, 480 Mass. at 525 n.14, quoting Reporters' Notes to Rule 36 (b) (2) (A) (v), Massachusetts Rules of Court, Rules of Criminal Procedure, at 211 (Thomson Reuters 2018). 

[Note 12] In fairness to the Commonwealth, several cases, including a few cases postdating the amendment of rule 13, have positively cited to or applied the rule from Barry or Rodgers that, if a defendant agrees to an extension for filing pretrial motions beyond seven days after the filing of the pretrial conference report, the time exceeding seven days is excluded. See, e.g., Commonwealth v. Williams, 475 Mass. 705, 715 (2016); Commonwealth v. Davis, 91 Mass. App. Ct. 631, 639 n.13 (2017); Commonwealth v. Weed, 82 Mass. App. Ct. 123, 125 (2012). Nevertheless, since the amendment of rule 13 in 2004, that has not been the law. 

[Note 13] In the defendant's rule 36 computation submitted to this court, he calculated twenty-one excluded days from this period. Presumably, this is because he adopted the date used by the Commonwealth to begin computing the number of included days, which was November 8, 2017, the date the pretrial conference report was filed, because under the prior version of rule 13, it was that date that was relevant. Under the current version of rule 13, however, the relevant date is not the date of the filing of the pretrial conference report but the date of the pretrial hearing, which here was November 9, 2017. Following the computation method employed in Rodgers, from November 10 to November 30, 2017 (twenty-one days), is included in the calculation, and from December 1 to December 20 (twenty days) is excluded. See Rodgers, 448 Mass. at 541 & n.5. 

[Note 14] A motion for a protective order in this context is typically a request from counsel to the judge for an order protecting the attorney from having to appear in court on certain requested dates. Often such motions are sought when counsel has a previously scheduled court date or a prior personal commitment. See, e.g., Weed, 82 Mass. App. Ct. at 126 n.7. 

[Note 15] The Commonwealth filed motions for protective orders for the following dates: July 2, July 3, the week of July 16, September 7, the week of September 16, and from September 25 to September 28, 2018. September 17, September 19, and September 25, 2018, are the three dates that both the Commonwealth and the codefendant sought protective orders. 

[Note 16] Similarly absent from the defendant's docket is the Commonwealth's motion for a protective order for July 2, July 3, and the week of July 16, 2018. 

[Note 17] We also note that it does not appear from the record that the codefendant's or the Commonwealth's motions for protective orders were ever acted upon by the judge. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.