COMMONWEALTH vs. RICHARD PACIFICO.

No. 88-P-337.

Barnstable.   December 9, 1988. — May 2, 1989.

Present: ARMSTRONG, KAPLAN, & SMITH, JJ.

*Practice, Criminal,* Speedy trial, Warrant.

In the circumstances of a criminal case, the defendant's motion to dismiss
    for violation of the speedy trial provisions of Mass.R.Crim.P. 36(b) was
    correctly denied, where any delay in bringing the defendant to trial was
    excludable under that rule by reason of the defendant's refusal to appear
    in court to surrender himself after receiving notice of a default warrant.
    [256-257]

COMPLAINT received and sworn to in the Barnstable Division
of the District Court Department on August 12, 1985.

A motion to dismiss was heard by *Joseph T. Travaline*, J.,
and, on appeal to the jury session, the case was tried before
*Roger B. Champagne*, J.

*Walter H. McLaughlin, Jr.*, for the defendant.

*Robert C. Lawless*, Assistant Town Counsel of Falmouth,
for the Commonwealth.

SMITH, J. On August 12, 1985, the defendant was charged
in a three-count complaint with violations of G. L. c. 131, § 40,
the Wetlands Protection Act. He was arraigned in the Barn-
stable District Court on September 5, 1985, pleaded not guilty,
and was released on personal recognizance.

On June 2, 1987, the defendant filed a motion to dismiss the
complaint because of an alleged violation of Mass.R.Crim.P.
36(b), 378 Mass. 909 (1979). The motion was denied after a
hearing. At a bench trial, the defendant was convicted on all
three counts. He claimed an appeal to the jury session of the
District Court. By agreement of counsel, the denial of the
motion to dismiss was preserved for appellate review without

the necessity of reargument in the jury session. The defendant proceeded to trial before a judge and jury. At the close of the Commonwealth's case, the judge allowed the defendant's motion for required findings of not guilty on two counts of the complaint. He then was found guilty by the jury of the charge of altering a wetland without a permit.

On appeal, the defendant contends that rule 36 was violated because he was not brought to trial within twelve months of the return day and the Commonwealth failed to meet its burden of justifying the delay. He argues that it was error, therefore, for the judge at the bench trial to deny his motion to dismiss the complaint.

"Rule 36(b) provides that . . . a defendant 'shall be tried within twelve months after the return day,' and if the defendant is not brought to trial within that period, as extended by subdivision (b)(2) of the rule, the defendant 'shall be entitled upon motion to a dismissal of the charges.'" *Commonwealth* v. *Campbell*, 401 Mass. 698, 702 (1988).

The return day in this case was September 5, 1985, the day that the defendant was arraigned. He was not tried for almost two years. He thus made out a prima facie case of a violation of rule 36(b), and dismissal of the complaint was mandatory unless the Commonwealth could sufficiently justify the delay. *Barry* v. *Commonwealth*, 390 Mass. 285, 291 (1983). The parties have stipulated to all of the material facts with respect to the events that occurred after the return day and prior to the filing of the motion to dismiss by the defendant. We summarize the facts.

After his arraignment, the defendant appeared at a pretrial conference on September 25, 1985, at which his trial was scheduled for December 19, 1985. After that conference both parties agreed to a continuance of the trial. The prosecutor sent a letter to the clerk of the court stating that both counsel requested that "the matter be continued to some date in late January."[1] The clerk, upon receipt of the letter, apparently

---

[1] The letter should not have been sent. A clerk-magistrate plays no role in the granting of a continuance, especially after a case has been entered upon the trial calendar. Only a judge can grant a continuance. See Mass. R.Civ.P. 10(a), 378 Mass. 861 (1979). A motion requesting a continuance

took the case off the December 19 trial list and placed it on the January 30, 1986, list. However, neither party received notice of the January 30 date..

On that date the case was called for trial. Neither the prosecutor nor defense counsel was present. The court, on its own, ordered a default warrant to be issued for the arrest of the defendant because of his failure to appear.[2] Later that day, the prosecutor was informed of the issuance of the default warrant. He notified defense counsel that a warrant had been issued for the defendant's arrest and that he should surrender himself.

The defendant did not surrender himself after he received notice of the existence of the warrant. Between January and May 1986 there were several communications between the prosecutor and defense counsel in which defense counsel was advised again of the warrant. In December 1986 the prosecutor again notified defense counsel that the warrant was still outstanding and that he still intended to proceed against the defendant. On June 1, 1987, the defendant was arrested on the default warrant. He was brought into court the following day, and defense counsel then filed his motion to dismiss the complaint because of a lack of speedy trial.

The parties focus on the sixteen-month period between January 30, 1986, the date the default warrant issued, and June 1, 1987, the date that the defendant was arrested. The Commonwealth contends that the entire period is excludable from the time period within which trial must begin under Mass. R. Crim. P.

---

*should have been presented to a judge by counsel. If this relatively simple procedure had been followed, the problem that resulted in this appeal would not have occurred.*

[2] It would appear from this record that the default warrant was issued without the thoughtful consideration that is expected in these situations. The issuance of a default warrant for the arrest of a person is never to be treated as a matter of routine. Here, no one answered when the case was called for trial. That fact alone warranted at least a brief investigation as to the cause of the absence of everyone, including the defendant, from the court on the date set for trial. Here, such investigation undoubtedly would have revealed that none of the parties had received notice of the January 30 trial date.

36(b) because the defendant was responsible for the delay and acquiesced in it. The defendant claims that none of the period is excludable because the prosecutor lacked due diligence in bringing him to trial.

Ordinarily, "the primary responsibility for setting a date for trial lies with the district attorney." *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13. However, Mass.R.Crim.P. 36(b)(2)(B), 378 Mass. 911 (1979), excludes, in computing the time within which the trial of any offense must commence, "[a]ny period of delay resulting from the absence or unavailability of the defendant . . . ." That subsection states that "[a] defendant . . . shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence *or he resists appearing at* or being returned for *trial*" (emphases added). Here, the defendant refused to appear in court and surrender to the warrant because he claimed that it was invalid. We agree that the warrant was invalid in the sense that grounds did not exist for its issuance. The warrant was not void, however, and the invalidity of the warrant, by itself, does not present a violation of rule 36 by the Commonwealth. The prosecution was not responsible and indeed played no part in the issuance of the warrant.

We hold that the issuance of the warrant placed the defendant under a continuing duty to appear in court from the time he learned of its existence. By declining to appear, the defendant made himself "unavailable" within the meaning of rule 36(b)(2)(B), and the interests of justice require that he not be allowed to subsequently claim a violation of his right to a speedy trial.[3] We hold that the Commonwealth was under no obligation to set a trial date until the defendant had responded to the warrant.

In the circumstances, there was no violation of rule 36. The motion to dismiss the complaint was properly denied.

*Judgment affirmed.*

[3] The defendant argues in his brief that the defendant was led to believe that he would not be prosecuted. There is nothing in the stipulated facts that lends support to that claim.