COMMONWEALTH vs. SHAWN L. TANNER.

Bristol. December 6, 1993. - February 7, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Homicide. Practice, Criminal*, Speedy trial, 'Assistance of counsel, Voir dire, Examination of jurors, Argument by prosecutor, Conduct of prosecutor. *Constitutional Law*, Speedy trial, Assistance of counsel. *Jury and Jurors*.

Evidence at the trial of an indictment charging first degree murder was sufficient to warrant a finding both of premeditation and extreme atrocity or cruelty, and the judge properly denied the defendant's motion for a required finding of not guilty of murder in the first degree. [3]

Although a criminal defendant had not been brought to trial within twelve months as required by Mass. R. Crim. P. 36, he was not denied his right to a speedy trial under either rule 36 or constitutional principles, where the record showed neither that he asserted his right to a speedy trial nor that he objected to any continuances, and where he failed to show any prejudice from the delay. [3]

A defendant failed to show that he was denied effective assistance of counsel at his murder trial, based on his claim that trial counsel did not file

a motion to dismiss the indictment for murder on speedy trial grounds. [3-4]

At a murder trial, there was no error requiring reversal in the judge's denying the defendant's motion to excuse a specific juror on the ground that the juror had seen the defendant "in shackles and under guard," where nothing was presented to the judge to support the assertion in the motion that the juror saw the defendant in shackles. [4-5]

At a murder trial, the prosecutor did not exceed the limits of reasonable argument in describing to the jury the act of strangulation of the victim [5]; nor were the defendant's rights prejudiced because, before trial, the prosecutor gave the defense certain typewritten statements signed by three witnesses, but not the handwritten statements signed by those witnesses, where the differences between the typed and handwritten statements were insignificant [5-6].

INDICTMENT found and returned in the Superior Court Department on May 11, 1988.

The case was tried before *John D. Sheehan*, J., and a motion for a new trial was heard by him.

*Bruce R. Taub* for the defendant.

*Cynthia A. Vincent*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant's appeal from his conviction of murder in the first degree presents several issues, none which provides a ground for the reversal of that conviction or for relief from this court under G. L. c. 278, § 33E (1992 ed.).

The jury would have been warranted in finding that on April 28, 1988, the victim, a dancer at a local nightclub, was strangled to death in a motel room in Dartmouth. The defendant, who occasionally worked at the nightclub, admitted to the police, and other evidence showed, that he had been in the motel room with the victim during part of the night before her body was found. A stocking, pulled tight around the victim's neck, had caused her death. The ligature had been tightened around her neck three separate times. Shortly after the strangling, the defendant told a friend that he was not sure, but that he thought he had killed someone. He added that the woman refused to have sexual intercourse with him because he did not have any money. He said that

he had intercourse with her anyway and then strangled her with his bare hands. To make sure, he said, he took a sock and strangled her again, "pulled it real tight." He stuck a finger in her eye to make sure she was dead. When she did not move, he concluded that she was dead. After the victim's death, the defendant had jewelry that he had stolen from the victim.

1. This evidence fully supports the judge's denial of the defendant's motion for a required finding of not guilty of murder in the first degree. The evidence warranted a finding both of (a) premeditation and (b) extreme atrocity or cruelty, each of which theories of murder in the first degree was given to the jury.

2. The defendant, who was arraigned on May 12, 1988, argues that he was denied his right to a speedy trial under Mass. R. Crim. P. 36, 378 Mass. 909 (1979), and under constitutional principles. His trial commenced on September 5, 1989. We need not recite procedural details concerning the intervening period.

Delay in which the defendant acquiesces or from which he benefits should be excluded in measuring the length of any delay. *Commonwealth* v. *Lauria*, 411 Mass. 63, 70-71 (1991). A failure to object to a continuance or other delay constitutes acquiescence. See *id.*; *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983); *Barry* v. *Commonwealth*, 390 Mass. 285, 298 (1983). The record does not show any objection by the defendant to continuances. It does show that the defendant filed motions that contributed to the delay. The record would not support relief under constitutional speedy trial principles. *Barker* v. *Wingo*, 407 U.S. 514, 530 (1972). *Commonwealth* v. *Look*, 379 Mass. 893, 897-898, cert. denied, 449 U.S. 827 (1980). Before trial the defendant did not assert his right to a speedy trial, nor has he shown any prejudice from the delay.

3. Pursuing his speedy trial argument on different State and Federal constitutional grounds, the defendant claims the ineffectiveness of his trial counsel in not filing a motion to dismiss the indictment on speedy trial grounds. On the rec-

ord before us, the defendant has not shown that his trial counsel was deficient (in failing to move for a speedy trial or for dismissal of the indictment) or that he was harmed by any omission. See *Strickland* v. *Washington,* 466 U.S. 668, 687 (1984); *Commonwealth* v. *Saferian,* 366 Mass. 89, 96-97 (1974). No demonstration can be made on the record that counsel was ineffective, in a constitutional sense, in failing to object to various continuances. In view of the chronology of the motions filed on behalf of the defendant, it appears that the delay may have benefited the defendant in the preparation of his case. If the defendant's counsel had pressed the issue, for all we know, his trial would have been commenced earlier.

4. At the beginning of the day on which counsel made their opening statements and evidence was first introduced, the defendant moved that the judge excuse a specific juror on the ground that the juror had seen the defendant "in shackles and under guard." All the facts that appear in the record on this issue are set forth in a statement by defense counsel.[1]

Defense counsel told the judge at the sidebar that the chief court officer had told him that one of the jurors had, by accident, gone upstairs and had seen the defendant in a room, in front of which a court officer was sitting. At that time, according to what defense counsel relayed, the defendant was handcuffed to a chair. Defense counsel did not say that the court officer said that the juror saw the handcuffs. Defense counsel had spoken with his client and reported that the defendant had said that a juror saw him handcuffed to a chair. Defense counsel moved that the juror, whom he identified, be excused. The judge denied the motion without hearing argument and without comment.

There was nothing presented to the judge to support the assertion in the motion that the juror saw the defendant in shackles. When the judge denied the motion, defense counsel

---

[1]No further facts were developed on the point in connection with the defendant's motion for a new trial.

did not ask for a voir dire or that the identified juror be questioned in some way as to what she saw and what effect the experience might have on her impartiality. The defendant does not argue here that he was denied the effective assistance of counsel by counsel's failure to move for a voir dire.

It is impossible on this record to deal fully with the substance of the defendant's claim of prejudice. The decision of counsel not to press the point gives us some evidence of his perception of the seriousness of the incident. See *Commonwealth* v. *Charles*, 397 Mass. 1, 11 (1986); *Commonwealth* v. *MacDonald (No. 2)*, 368 Mass. 403, 409 (1975). We appropriately give weight to the judge's discretionary conclusion that the juror need not be dismissed. See *Commonwealth* v. *Samuel*, 398 Mass. 93, 96 (1986). While it would have been appropriate to have conducted a brief inquiry of the identified juror (see *Commonwealth* v. *Dustin*, 391 Mass. 481, 485-486, cert. denied, 469 U.S. 844 [1984]), the defendant has not made a case for reversible error. We do not infer prejudice solely from the comments of defense counsel who did not request a voir dire or some form of further inquiry.

5. The defendant's remaining arguments require only brief discussion. The prosecutor did not exceed the limits of reasonable argument when he argued to the jury that the defendant had told his friend that "[']I squeezed and squeezed,['] however you find it." There was no objection to the argument. Defense counsel had described the same conversation with the following words attributed to the defendant: "I strangled her and I was squeezing her, squeezing around her neck."

The defendant's rights were not prejudiced because, before trial, the prosecution gave the defense typewritten statements signed by three witnesses but not handwritten statements signed by those witnesses. Defense counsel received the handwritten statement of one witness during trial when the prosecutor discovered it. Defense counsel did not ask for additional time to evaluate the newly delivered document. The other two handwritten statements were delivered after the

trial. The defendant makes no focused argument that the late arrival of these handwritten statements prejudiced him. The differences between the typed and handwritten statements are insignificant.

The defendant's appeal from the denial of his motion for a new trial presents no independent issue for our consideration. There is no basis for us to act under G. L. c. 278, § 33E, to reduce the verdict to manslaughter.

*Judgment affirmed.*