The only issue on appeal is whether it was error to deny the defendant's motion to dismiss pursuant to Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979).[2] We affirm.
Background. On September 12, 2011, the defendant, Brenda Roush, was arraigned on four drug-related charges: possession of a class A substance, G. L. c. 94C, § 34 ; possession of a class A substance with intent to distribute, G. L. c. 94C, § 32(a ) ; conspiracy to violate the drug laws, G. L. c. 94C, § 40 ; and committing a drug violation near a school zone, G. L. c. 94C, § 32J. On August 24, 2015, the defendant filed a motion to dismiss the complaint for lack of a speedy trial pursuant to Mass.R.Crim.P. 36(b). The defendant's motion to dismiss was subsequently denied on November 2, 2015, with the motion judge determining that only 311 days were includable under the provisions of rule 36. On April 1, 2016, the defendant was found guilty of three of the charges at the conclusion of a two-day bench trial.[3]
Discussion. Under rule 36(b)(1)(C) of the Massachusetts Rules of Criminal Procedure, a defendant is entitled to dismissal of the charges brought against her if they are not tried "within twelve months after the return day[4 ] in the court in which the case is awaiting trial." However, trial delays resulting from any event enumerated in rule 36(b)(2), as well as periods of delay that the defendant "acquiesced in, was responsible for, or benefited from," are excluded from the twelve-month speedy trial calculation. Commonwealth v. Davis, 91 Mass. App. Ct. 631, 632 (2017), quoting from Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992). "A [defendant's] failure to object to a continuance or other delay constitutes acquiescence." Commonwealth v. Tanner, 417 Mass. 1, 3 (1994). As such, a defendant must "explicitly and formally object, on the record, to each and every proposed continuance or delay." Commonwealth v. Taylor, 469 Mass. 516, 524 (2014). See Commonwealth v. Murphy, 55 Mass. App. Ct. 332, 333 (2002).
In determining whether a defendant is entitled to dismissal under rule 36, "we are in as good a position as the judge below to decide whether the time limits imposed by the rule have run." Barry v. Commonwealth, 390 Mass. 285, 289 (1983). Thus, "while we will give deference to the determination made by the judge below, we may reach our own conclusions." Id. at 290.
In this case, the Commonwealth agrees that the defendant met her burden of establishing a prima facie case that rule 36 was violated. Therefore, the Commonwealth bears the burden of establishing that a period of time is excludable from the speedy trial calculation. Taylor, supra at 521. A total of 1,442 days elapsed between the defendant's arraignment and the filing of the defendant's motion to dismiss pursuant to Mass.R.Crim.P. 36(b)(1).[5] The Commonwealth must account for the exclusion of at least 1,077 days from the speedy trial clock. We address each time period in chronological order.
1. From arraignment to request for hearing on motion to suppress. a. Defendant's default. The defendant was in default from October 17, 2011, until December 2, 2011, at which time a default removal hearing took place.[6]
"Any period of delay resulting from the absence or unavailability of the defendant" is excluded from the rule 36 speedy trial calculation. Mass.R.Crim.P. 36(b)(2)(B). See Commonwealth v. Pacifico, 27 Mass. App. Ct. 254, 257 (1989). Thus, this forty-six day span of delay lasting from the date of the defendant's default to the date that the missed pretrial hearing eventually took place is excludable.
b. Pretrial hearing dates. The defendant's default was removed on December 2, 2011, at which time the pretrial hearing previously scheduled for October 17 took place. That pretrial hearing was then continued to January 9, 2012. Further compliance and election dates were set three times between January 9, 2012, and May 14, 2012.
In his rule 36 calculation, the motion judge noted that defense counsel did not object at any point to the continuances taking place during this span of time, and the docket sheet is consistent with this finding. Additionally, in the affidavit of counsel filed in conjunction with the defendant's rule 36 motion to dismiss, defense counsel did not assert that there was an objection to any of these continuances. "A failure to object to a continuance or other delay constitutes acquiescence." Tanner, 417 Mass. at 3. The defendant's failure to object to these continuances renders the 164 days spanning this time period excludable.[7]
2. Motion to suppress. On May 14, 2012, the defendant requested a hearing date for a motion to suppress. The motion hearing was initially scheduled for July 16, 2012, but did not take place until September 28, 2012. The judge subsequently allowed the defendant's motion to suppress on November 2, 2012.
Any delay resulting from hearings on pretrial motions is excluded from the court's rule 36 computation. Mass.R.Crim.P. 36(b)(2)(A)(v). The excludable period begins when a party files a request for a hearing on a pretrial motion and runs until the conclusion of the requested hearing. See Reporters' Notes to Rule 36, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1842 (LexisNexis 2016-2017). See also Spaulding, 411 Mass. at 507 ; Taylor, 469 Mass. at 526 n.16. Additionally, up to thirty days are excludable where a pretrial motion is under advisement. See Mass.R.Crim.P. 36(b)(2)(A)(vii).
Here, the defendant's motion was heard 137 days after a hearing was requested. The entirety of this 137-day span is excludable under rule 36, as it was a delay resulting from a pretrial motion to suppress brought by the defendant. The motion was taken under advisement for thirty-six days, thirty days of which are excludable.
In sum, the Commonwealth has justified as excludable 167 days from this period of time.
3. Interlocutory appeal. The Commonwealth filed its notice of appeal on January 25, 2013. The notice of rescript was received by the District Court on October 31, 2014.[8]
Rule 36(b)(2)(A)(iv) of the Massachusetts Rules of Criminal Procedure provides that the period during which an interlocutory appeal is pending is excluded from the court's speedy trial calculation. The excluded period begins to run "from the date the notice of appeal is filed ... until the rescript is received by the clerk of the lower court." Reporters' Notes to Rule 36, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1841 (LexisNexis 2016-2017). The entire pendency of the Commonwealth's interlocutory appeal, totaling 645 days, is thus excludable.
4. From January 5, 2015, to filing of motion to compel discovery. After the notice of rescript was received, an initial disposition and election hearing took place on January 5, 2015.[9] Two subsequent disposition hearings occurred on March 13, 2015, and April 17, 2015, at which time the defendant filed a motion to compel discovery.
The defendant argues that this entire period of time is includable under rule 36 because the delay resulted from the Commonwealth's failure to provide the defendant with mandatory discovery. However, the record indicates that the defendant neither objected to these continuances, nor did she file a motion to compel discovery until April 17. See Taylor, 469 Mass. at 527 ("A defendant yet to receive all mandatory discovery must accordingly take proactive steps to alert the court and the prosecution that certain items have not been timely produced, and the vehicle for doing so is a motion for sanctions or to compel pursuant to [ Mass.R.Crim.P. 14(a)(1)(C), as appearing in 442 Mass. 1518 (2004) ]").
Moreover, the defendant was responsible for the delay between the March 13 hearing and the April 17 hearing. The record makes clear that the defendant requested that the March 13 hearing be continued to April 17 in order to give the Commonwealth time to consider dropping the defendant's "school zone" charge. Although the Commonwealth subsequently tried the defendant on that charge, the defendant nevertheless sought a continuance in order to give the Commonwealth time to consider a proposal that was beneficial to her. This period of 103 days is excludable. See Davis, 91 Mass. App. Ct. at 631-632.
Conclusion. For the reasons stated above, at least 1,125 days are excludable under rule 36. As the Commonwealth was required to justify a minimum of 1,077 days of delay, there was no error in denying the defendant's motion to dismiss under Mass.R.Crim.P. 36(b).
Judgments affirmed.

Although the defendant asserts in a single sentence that her constitutional right to a speedy trial also was violated, "it is the obligation of appellate counsel and not the court to structure an analysis, supported by citation to authorities, that will assist the court in reaching a decision." Patel v. Amresco SBA Holdings, Inc., 69 Mass. App. Ct. 192, 197 (2007). Here, the single-sentence assertion does not rise to the level of appellate argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See Commonwealth v. Cook, 419 Mass. 192, 194 n.1 (1994).

The conspiracy charge was dismissed at the request of the Commonwealth.

The return day in this case is the date of the defendant's arraignment. See Mass.R.Crim.P. 2(b)(15), as amended, 397 Mass. 1226 (1986).

The parties do not agree on the total number of days that elapsed between these two dates, with the defendant arguing that 1,443 days elapsed and the Commonwealth arguing that 1,442 days elapsed. For the purposes of calculating the total period of time that has passed prior to the defendant filing a rule 36(b) motion to dismiss, the date on which the defendant's motion to dismiss was filed is excluded. See rule 36(b)(3) ; Commonwealth v. Denehy, 466 Mass. 723, 730 (2014).

While defense counsel stated in his affidavit filed with the defendant's motion to dismiss that the defendant was in residential treatment during this period of time, there was no finding to that effect made by the judge, and neither the docket nor the notes of the judge support this statement. The defendant has not moved to supplement or correct the docket. See Commonwealth v. Rodgers, 448 Mass. 538, 540 (2007).

The defendant argues that the January 9, 2012, filing of her discovery motion was sufficient to preserve her speedy trial rights under rule 36. However, merely filing a discovery motion, without more, is not sufficient to preserve a party's rights under rule 36. See Taylor, 469 Mass. at 526.

The judge incorrectly stated that the notice of rescript was received on November 5, 2014; October 31 is the date shown on the docket.

Prior to the January 5 hearing, the defendant was in default for a period of time. As the motion judge noted and the docket reflects, this brief period of default was due to the defendant's hospitalization.