Following a jury trial in the District Court, the defendant, Nicholas Grimbilas, was convicted of two counts of indecent assault and battery on a person over the age of fourteen. On appeal, he contends that the judge erred in (1) denying his motion for a mistrial, (2) admitting hearsay testimony in violation of the first complaint doctrine, (3) refusing to provide the jury with a "good faith mistake" instruction, and (4) denying his motion to dismiss pursuant to Mass.R.Crim.P. 36(b)(1), 378 Mass. 909 (1979). We affirm.
Background. On December 21, 2012, the defendant-the long-time boy friend of the victim's mother-held a party at his home. The victim, her mother, and the victim's two sisters, whom we shall call Karen and Beth, among others, attended. The defendant served food and drinks and became intoxicated. Over the course of about two hours, the victim drank two "very strong" martinis, one of which she did not finish. Around 11:30 P.M., a group, including the victim and the defendant, went to the basement to watch a movie. Everyone quickly fell asleep and, at some point, the victim awoke feeling sick.[1] She went upstairs to the bathroom, shut the door, and began to throw up. Shortly thereafter, the defendant woke up, went upstairs, and heard the victim vomiting.
It is undisputed that, at that point, the defendant entered the bathroom and started rubbing her back. The victim had vomit on her clothing. The defendant unhooked her bra, continued rubbing her back, and "when [the victim] stopped throwing up, [they] leaned against the wall in the bathroom and [she] rested [her] head on his shoulder." The victim started to "doze off" and then "realized that [the defendant] was inappropriately touching [her]." He touched her chest, put his hands down her pants, underneath her underwear, "[a]nd then he was playing with [her] clitoris." The defendant then "took his hand out" and "started to try to put [the victim's] hand down [her] pants." The victim testified that "[she] resisted. [She] didn't say anything. [Her] eyes were not open. [She] was still-[she] was in a panic." When she resisted, "he kept trying for, like a little bit, but then he stopped." The victim kept her eyes closed during the assault because she was "scared" and "shocked."
The victim disclosed the assault to her sister, Karen, the next day,[2] and also told her sister, Beth. The victim ultimately reported the defendant's conduct to the police in November, 2014, nearly two years after the incident. She contacted the police at that time because, due to her sister's engagement, she felt that she could no longer avoid the defendant. She had not seen the defendant since the night of the incident.
The main issues at trial were consent and witness credibility. On cross-examination of the victim, defense counsel elicited testimony that she put her head on the defendant's shoulder while he was rubbing her back, and that she did not verbally protest when the defendant undid her bra or touched her breasts. The defendant testified that the victim exhibited heavy breathing as he touched her abdomen and breasts, that there was a "flow" between them, and that she moved her hips as he rubbed her vagina. The jury convicted the defendant as charged. This appeal ensued.
Discussion. 1. Motion for mistrial. The defendant contends that the judge erroneously denied his motion for a mistrial because the prosecutor's opening statement contained prejudicial errors. The decision to allow or deny a mistrial is committed to the sound discretion of the trial judge, and "this court should defer to that judge's determination of whether the prosecutor committed prejudicial error, how much any such error infected the trial, and whether it was possible to correct that error through instruction to the jury." Commonwealth v. Thomas, 429 Mass. 146, 157 (1999).
The defendant first claims that the prosecutor misstated the victim's age in her opening statement. The prosecutor stated that the victim was "between the ages of [eighteen] and [nineteen] at the time" of the incident when she was nineteen at the time. To the extent that any mistake existed, it was inconsequential, particularly where the victim testified that she was nineteen years old at the time of the incident. Thus, the "minor and insignificant variation" in evidence was corrected and had no bearing on the jury's consideration of any relevant issues. Commonwealth v. Thomas, 44 Mass. App. Ct. 521, 525 (1998).
Next, the defendant argues that the prosecutor improperly told the jury that earlier on the night of the incident, the defendant leaned over to the victim's oldest sister, Beth, put his hand between her thighs, and whispered something to her. The defendant contends that this statement painted the defendant as a sexual predator and was prejudicial. We agree that the statement was in error, as the prosecutor had inadvertently failed to disclose the existence of this event.[3] However, we discern no abuse of discretion in the judge's handling of the issue. First, prior to trial, the judge instructed that opening statements are not evidence. Second, upon the defendant's objection at the conclusion of the prosecutor's opening statement, the judge immediately provided a clear instruction, which reiterated three times that opening statements are not evidence. Third, after the defendant moved for a mistrial, the judge imposed the additional sanction of excluding from evidence any reference to the incident involving Beth. Fourth, the judge repeatedly emphasized, in his final charge, that opening statements are not evidence. Finally, in his closing argument, defense counsel referenced the prosecutor's promise to provide evidence of the defendant's touching of Beth's thigh, and chastised the Commonwealth for failing to deliver on that promise. He argued that this failure showed that the Commonwealth was not credible and that the "government" was "telling you things that didn't happen."[4] The prosecutor objected to this argument. Although the judge agreed that defense counsel's statement was improper, he declined to strike the argument or provide a specific instruction to the jury regarding its impropriety. We agree that defense counsel's argument was improper. See Commonwealth v. Harris, 443 Mass. 714, 732 (2005). Accordingly, in the absence of a corrective instruction from the judge, the defendant materially benefited from this tactic, as his counsel used the combination of the prosecutor's error and the judge's sanction to gain a strategic advantage. See Commonwealth v. Haraldstad, 16 Mass. App. Ct. 565, 568 (1983) (noting that exploitation of excluded evidence is "fundamentally unfair"). In conjunction with the judge's thorough instructions, defense counsel's argument mitigated any risk that the jury might have considered the prosecutor's statement as evidence. See Commonwealth v. Kozec, 399 Mass. 514, 517 (1987).
The defendant also claims that the prosecutor impermissibly informed the jury that after learning of the incident, the victim's sisters told the defendant to stay away from the victim. The defendant argues that this information was hearsay solely designed to cast him as a "monster." We disagree. As the judge found at trial, the statement, and the ensuing testimony of the victim's sister, Beth, was proper and admissible for the nonhearsay purpose of explaining "why certain actions did or did not happen," including the delayed disclosure of the indecent assault and battery to law enforcement.[5] See Commonwealth v. Fales, 60 Mass. App. Ct. 102, 105 (2003). See also Commonwealth v. Breese, 381 Mass. 13, 17 (1980).
Finally, the defendant contends that the prosecutor impermissibly referenced "post-first complaint statements" by the victim to Beth, in violation of the first complaint rule. For the reasons discussed in section 2, infra, the judge acted within his discretion to admit this testimony, with concurrent and correct limiting instructions. Thus the prosecutor did not err in referencing this anticipated testimony in her opening statement.
2. First complaint. The defendant argues that the judge abused his discretion in permitting the victim to testify that in 2014, two years after the incident, she told her mother about it and reported it to the police.[6] We disagree with the claim that this testimony violated the first complaint doctrine. The first complaint doctrine does not "prohibit the admissibility of evidence that, while barred by that doctrine, is otherwise independently admissible." Commonwealth v. Arana, 453 Mass. 214, 220-221 (2009). Here, the victim's testimony was independently admissible to explain the timing and reasoning underlying her delay in reporting the incident to law enforcement, and to explain her state of mind in a case where credibility and consent were at issue. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 225 ("Evidence of a victim's state of mind or behavior following a crime has long been admissible if relevant to a contested issue in a case"). See also Breese, supra; Commonwealth v. Richardson, 423 Mass. 180, 187-188 (1996) ; Commonwealth v. Hall, 66 Mass. App. Ct. 390, 393-394 (2006). The judge carefully weighed the testimony's probative and prejudicial value, and we discern no abuse of discretion in his ruling. See Commonwealth v. Aviles, 461 Mass. 60, 69 (2011).
3. Good faith mistake instruction. The defendant contends that the judge erred in refusing to provide a "good faith mistake jury instruction."[7] To date, Massachusetts courts have not required a mistake of fact instruction in the context of an indecent assault and battery prosecution, but the Supreme Judicial Court has held open the possibility that such an instruction "may be an appropriate and fair defense" in certain cases. Commonwealth v. Kennedy, 478 Mass. 804, 811 (2018), citing Commonwealth v. Lopez, 433 Mass. 722, 732 (2001). On these facts, the defendant was not entitled to such an instruction because his claim of a reasonable mistake of fact was not "arguably supported by the evidence." Lopez, supra. Indeed, the overwhelming and uncontradicted evidence showed that the victim was highly intoxicated, and that the sexual assault occurred immediately after she had thrown up, while she still had vomit on her clothing.[8] The victim also testified that she resisted the defendant's advances, but he "kept trying." After review of the entire trial record, we conclude that the defendant's claim of a reasonable mistake of fact is not supported by the evidence here within the meaning of Lopez, supra, and Kennedy, supra. Accordingly, he was not entitled to the requested instruction.
4. Rule 36 motion. The defendant contends that the judge erred in denying his motion to dismiss pursuant to Mass.R.Crim.P. 36(b)(1), because he was arraigned on December 3, 2014, but not brought to trial until January 26, 2016, more than 365 days later. The argument is unavailing.
"Delay in which the defendant acquiesces or from which he benefits should be excluded in measuring the length of any delay.... A failure to object to a continuance or other delay constitutes acquiescence." Commonwealth v. Tanner, 417 Mass. 1, 3 (1994). See Commonwealth v. Lauria, 411 Mass. 63, 70-71 (1991). Our review of the District Court docket, clerk's entries thereon, and trial and appellate records, reveals that the relevant continuances in this case occurred without objection by the defendant. See Tanner, supra ("The record does not show any objection by the defendant to continuances"). See also Commonwealth v. Roman, 470 Mass. 85, 93 (2014), citing Barry v. Commonwealth, 390 Mass. 285, 289 (1983) ("For purposes of a rule 36 calculation of excludable periods, the docket and the clerk's log are prima facie evidence of the facts recorded therein"). The Commonwealth thus sustained its burden of justifying the alleged delay, and we discern no error in the judge's denial of the motion.
Judgments affirmed.

The panelists are listed in order of seniority.

On the date of the incident, the victim was nineteen years old and not a regular drinker. The defendant was in his late forties.

Karen corroborated the victim's testimony and testified that "[the victim] ultimately told me that [the defendant] touched her chest-took her bra off ... stuck his hand down her pants, and then put his hand-tried to get her hand along with his to put down her pants." The judge provided a first complaint instruction at the time of Karen's testimony, and again in the final charge to the jury.

The judge found, on the record, that the discovery violation involving the defendant's conduct toward Beth was inadvertent. Furthermore, defense counsel confirmed at trial and on appeal that the failure to disclose the incident involving Beth was inadvertent. We acknowledge defense counsel's candor in this regard.

Regarding the Commonwealth's purported failure to deliver on promises made in the prosecutor's opening statement, defense counsel argued as follows:
"How about looking at what the government promised to tell you in the beginning of this trial? They made certain promises to you when they said ... you will hear evidence about [the defendant] putting his hand between the thigh of [Beth]. Or-yeah. You didn't hear any of that. They made you a promise and then they don't deliver. How credible is the government when they make these promises, you're going to hear this horrible evidence, and then you don't get it? They're telling you things that didn't happen."

Beth testified, over objection, that after learning of the incident she and her sister, Karen, confronted the defendant and told him that "[he] and [the victim] are not to see each other anymore." The judge had ruled earlier that the Commonwealth was entitled to "explore" the reasons for the victim's two-year disclosure delay, and found that Beth's statement was relevant to "the state of mind of a witness or witnesses and to explain why certain actions were or weren't taken."

The defendant objected at trial to some, but not all, of the victim's testimony concerning the circumstances of her delayed disclosure to her mother and law enforcement. To the extent that some of the victim's testimony is now challenged for the first time on appeal, our review is arguably limited to whether any alleged error created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). However, because we conclude that the judge did not err or abuse his discretion in admitting the testimony, we need not dwell on the appropriate standard of review.

The defendant submitted a written motion, containing proposed language, in support of his request for a good faith mistake jury instruction. His proposed instruction read as follows:
"If you find beyond a reasonable doubt that [the victim] did not consent to the man[ner] in which she was touched by [the defendant], it is the Commonwealth's burden to prove beyond all reasonable doubt that [the defendant] knew that the [victim] did not consent to the way in which [the defendant] was touching her. If, from all the evidence, you have a reasonable doubt whether the [defendant] reasonably and in good faith, believed that [the victim] voluntarily consented to the way in which he was touching her, you must give [the defendant] the benefit of that reasonable doubt, and acquit him of this charge."

The jury could have inferred that the defendant had a paternalistic relationship vis-à-vis the victim and her sisters. The defendant testified, for example, that he saw them at his house for sleepovers, had cooked for their friends, and had given them money for prom dresses.