NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-948

COMMONWEALTH

vs.

JUAN CARLOS FELIX.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was found guilty of possession of fentanyl, possession of cocaine with the intent to distribute, discharging a firearm within 500 feet of a dwelling, possession of a firearm without a firearm identification (FID) card as a career criminal, and possession of ammunition without an FID card as a career criminal. On appeal, he claims that his right to a speedy trial under Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979) (rule 36 [b]), was violated. Because we conclude that the Commonwealth cannot justify the delays in excess of the one-year limit prescribed by rule 36 (b), we reverse the judgments of conviction.

Factual background. The summarized factual background is based on the uncontested evidence presented at trial. On February 9, 2017, Edward Ouellette, Jr. was driving to his

friend's house in Fitchburg when he saw someone run in front of his car. Ouelette stopped his car and saw two other people within four feet of his car and saw one of those individuals fire a gun. Ouellette could not clearly see their faces, but noticed they were wearing dark-colored hooded sweatshirts or jackets. The individual who fired the gun continued down the street toward the first (running) person and fired the gun one more time while the third individual followed.

Fitchburg Police Officer Jason Duval responded to the area and located two individuals wearing black clothing walking on a street approximately 200 yards away from the original encounter with Ouellette. Because this occurred during a significant snowstorm, the street was otherwise empty. As Officer Duval put his vehicle in park, the two individuals began to run. Officer Duval gave chase and he saw one of the individuals, later identified as the defendant, reach for his waistband and hide under the porch of 17-21 Franklin Street (the property). As other officers chased down and arrested the other individual, Officer Duval kept watch on the defendant, who was still hiding under the porch. The defendant came out from hiding and was arrested after a short foot chase. Officers searched the defendant and found him in possession of an empty shell casing, a black bag holding what appeared to be ten to twelve rocks of

2

"crack" cocaine, and a "pill cylinder" containing what appeared to be cocaine or crack cocaine.

Officer Duval found a silver revolver with a black handle behind a glass frame under the porch area at the property. The firearm was loaded and there were four casings inside the gun: one was live ammunition and three were blank or spent. The State crime laboratory confirmed that the firearm was fully functional and the bullets inside were ammunition. They also confirmed that the empty shell casing found on the defendant was ammunition. Testing also revealed that the pill cylinder found on the defendant contained fentanyl and the black bag found on the defendant contained cocaine.

Procedural history. Given that the defendant's sole argument on appeal is that he was deprived of his right to a speedy trial, we recite with specific detail the relevant procedural history. On March 16, 2017, the grand jury returned an indictment (the original indictment).[1] On April 4, 2017, the defendant was arraigned on the original indictment. On June 1,

---

[1] The original indictment charged the defendant with (1) possession of cocaine with intent to distribute, (2) carrying a loaded firearm without a license, and (3) possession of ammunition without an FID card. The second and third charges were both subject to the enhanced "career criminal" penalty provisions of G. L. c. 269, § 10G.

3

2017, the court held a pretrial conference.  On June 12, 2017,[2] the defendant filed a discovery motion seeking automatic and mandatory discovery.  A discovery hearing was scheduled for September 20, 2017, but the Commonwealth requested a continuance.  The discovery hearing was continued to October 18, 2017.

On October 18, 2017, the defendant filed a motion to suppress evidence, which was heard on November 6, 2017, and denied on December 12, 2017.  On December 27, 2017, the defendant then filed a motion to dismiss the sentencing enhancements contained in the original indictment, which motion was allowed on February 7, 2018.

A final pretrial conference was held on April 10, 2018.  The case was scheduled for trial on April 23, 2018, but, at the request of the Commonwealth, the case was continued until June 4, 2018; on that date the trial was not held, again at the request of the Commonwealth.  Trial on the original indictment was rescheduled for July 30, 2018, but was again not held, this time due to a joint request from the parties.

---

[2] Although the parties both state that this occurred on June 1, 2017, the docket and file stamp on the motion indicate otherwise.

On July 24, 2018, the Commonwealth reindicted the case with sentencing enhancements (new indictment).[3]  On July 30, 2018, the original indictment was dismissed at the request of the Commonwealth after the defendant was arraigned on this new indictment.

A pretrial conference was scheduled for September 21, 2018, but was not held because the defendant defaulted.  On October 24, 2018, the warrant was removed, a final trial conference was scheduled for March 22, 2019, and a new date for trial was set for April 22, 2019.  The trial conference was held as scheduled, but on the trial date, the Commonwealth once again requested a continuance, and a new trial date was set for October 15, 2019.  On October 3, 2019, the Commonwealth sought another continuance, which was granted.

The defendant filed a motion to dismiss on October 15, 2019, arguing that he had been deprived of his right to a speedy trial.  After a nonevidentiary hearing, the court originally allowed the defendant's motion to dismiss on November 8, 2019, but after the Commonwealth filed a motion to reconsider, the

_____

[3] This new indictment charged the defendant with (1) unlawful possession of a loaded firearm, (2) possession of fentanyl with the intent to distribute, (3) possession of cocaine with the intent to distribute, (4) discharging a firearm within 500 feet of a dwelling, (5) possession of a firearm without an FID card as a career criminal, and (6) possession of ammunition without an FID card as a career criminal.

court vacated the order and denied the motion to dismiss on December 16, 2019.

A jury was empanelled on January 6, 2020, and after a three-day jury trial, the defendant was found guilty of possession of fentanyl, possession of cocaine with the intent to distribute, discharging a firearm within 500 feet of a dwelling, possession of a firearm without an FID card, and possession of ammunition without an FID card.  The defendant waived a jury trial on the sentencing enhancements and the judge found him guilty of unlawfully possessing a firearm and ammunition as a career criminal.

Discussion.  Rule 36 is a

"[case] management tool, designed to assist the trial courts in administering their dockets.  It also 'creates a means through which [criminal] defendants who desire a speedy trial can secure one.'  Under rule 36, 'a criminal defendant who is not brought to trial within one year of the date of arraignment is presumptively entitled to dismissal of the charges unless the Commonwealth justifies the delay.  Dismissal under rule 36 is with prejudice." (Citations omitted.)

Commonwealth v. Dirico, 480 Mass. 491, 497 (2018).  See rule 36 (b) (1) (c).  Where the original arraignment occurred on April 4, 2017, and the defendant had not been tried by October 15, 2019, when he filed the motion to dismiss, 924 days later, "the defendant[] [has] established a prima facie violation of rule 36 because [he was] not brought to trial within twelve months of

6

arraignment."  Commonwealth v. Graham, 480 Mass. 516, 523
(2018).

Accordingly, the burden rests on the Commonwealth "to
justify the delay, either by showing that it falls within one of
the 'excluded periods' enumerated under rule 36 (b) (2) or by
showing that 'the defendant acquiesced in, was responsible for,
or benefited from the delay.'"  Graham, 480 Mass. at 517,
quoting Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992).
The Commonwealth bears the burden of justifying a "period from
twelve months after the return date to the date a defendant
files his motion to dismiss," Barry v. Commonwealth, 390 Mass.
285, 294 (1983), which the parties agree in this case is 559
days.[4]  Where, as here, the judge's ruling on the defendant's
motion to dismiss was based "solely on the docket, the clerk's
minutes, and additional evidence in the record," and did not
rely on an evidentiary hearing, we review the ruling de novo.
Dirico, 480 Mass. at 496.  Given the Commonwealth's burden of
justifying the period from twelve months after the return date
to the date a defendant files his motion to dismiss, we do not

---

[4] The return date was April 4, 2017, so the clock started to
run on April 5, 2017.  See Commonwealth v. Conefry, 410 Mass. 1,
3 (1991); Barry, 390 Mass. at 291-292.  The defendant filed his
motion to dismiss on speedy trial grounds on October 15, 2019.
The difference between these two dates is 924 days, which is 559
days more than one year.

7

analyze any of the days after October 15, 2019, under rule 36 (b).[5]

For the purpose of determining what periods of time were excludable under rule 36 (b), the time between the defendant's original arraignment until his motion to dismiss was filed may be divided into sixteen distinct time periods, on eleven of which the parties agree regarding the rule 36 (b) implications and on five of which the parties disagree regarding the rule 36 (b) implications.[6]

1. <u>Agreed-on excludable time periods</u>.  The defendant and the Commonwealth agree that four time periods are excludable and the Commonwealth may use these periods to meet its burden.  The parties agree that the period between September 20, 2017, and October 18, 2017, is excludable because the defendant did not object to the Commonwealth's request for a continuance.  See

---

[5] The Commonwealth argues that certain periods of delay that occurred after October 15, 2019, are justifiable under rule 36. Given our conclusion that the defendant's case should have been dismissed based on the delay prior to his filing of the motion to dismiss, the nature of delays that occurred after October 15, 2019, is irrelevant to our analysis.

[6] In making our calculations, we adhere to rule 36 (b) (3), which provides:  "In computing any time limit other than an excluded period, the day of the act or event which causes a designated period of time to begin to run shall not be included. Computation of an excluded period shall include both the first and the last day of the excludable act or event."  However, if there are excludable periods of delay which overlap, a day is excluded only once.  <u>Dirico</u>, 480 Mass. at 497 n.5, quoting <u>Barry</u>, 390 Mass. at 292.

Commonwealth v. Tanner, 417 Mass. 1, 3 (1994) ("A failure to object to a continuance or other delay constitutes acquiescence").  Accordingly, including the date that the continuance was asked for, this period allows the Commonwealth to exclude twenty-nine days.  See Dirico, 480 Mass. at 497 n.5.  The parties also agree that the period between October 18, 2017, and December 12, 2017, is excludable because the defendant's motion to suppress evidence was filed on October 18, 2017, heard on November 6, 2017, and denied on December 12, 2017.  See Reporters' Notes to Mass. R. Crim. P. 36 (b) (2) (A) (v), Massachusetts Rules of Court, Rules of Criminal Procedure, at 223 (Thomson Reuters 2024) ("Delay attributable to the securing of a judicial resolution of issues raised by a defendant's pretrial motions are excluded from the running of the time limits").  We agree with the parties that this period allows the Commonwealth to exclude fifty-six days, but because we have already counted October 18, 2017, as excludable, we do not count it again.  See Dirico, supra.  The parties also agree that the period between December 27, 2017, and February 7, 2018, is excludable because the defendant's motion to dismiss the sentencing enhancements was pending.  See id. at 498.  Accordingly, including the date that the motion was filed, see id. at 497 n.5, the parties agree that forty-three days are excludable.  Lastly, the parties agree that the period between

9

September 21, 2018, and October 24, 2018, is excludable because the defendant's whereabouts were unknown while he was in default. See rule 36 (b) (2) (B). Accordingly, including the date that the defendant first defaulted, Dirico, supra, the parties agree that thirty-four days are excludable. By our calculation, the sum total of days the Commonwealth can exclude from these agreed-on time periods is 161 days, which, once subtracted from the Commonwealth's original obligation to justify 559 days, leaves the Commonwealth with the burden of justifying 398 days.

2. Agreed-on includable time periods. We briefly identify seven periods that both parties agree are includable and the Commonwealth may not use to meet its burden:  the days between April 5, 2017, and May 31, 2017; the days between May 31, 2017, and September 20, 2017;[7] the days between December 13, 2017, and December 26, 2017; the days between April 10, 2018, and April 23, 2018; the days between July 30, 2018, and September 20, 2018; and the days between March 22, 2019, and April 22, 2019.

---

[7] The Commonwealth conceded during oral argument, despite arguing otherwise in its brief, that the time between May 31, 2017, and the scheduled discovery hearing on September 20, 2017, is includable in our calculation because the defendant's motion only sought automatic and mandatory discovery. See Commonwealth v. Taylor, 469 Mass. 516, 526-529 (2014) ("the time it takes to resolve [a motion under Mass. R. Crim. P. 14 (a) (1) (C), as appearing in 442 Mass. 1518 (2004),] shall not be excluded automatically from the ultimate speedy trial calculation").

10

3. Contested time periods. There remain five time periods to discuss. The five time periods total 483 days that might be used to meet the Commonwealth's remaining burden of justifying 398 days of delay: sixty-one potential days during the period of February 8, 2018, to April 9, 2018; forty-two potential days during the period of April 24, 2018, to June 4, 2018; fifty-five potential days during the period of June 5, 2018, to July 29, 2018; 149 potential days during the period of October 25, 2018, to March 22, 2019; and 176 potential days during the period of April 23, 2019, to October 15, 2019.[8] We begin by discussing three of these periods, the last of which is outcome determinative.

a. Time frame of February 8, 2018, to April 9, 2018. On February 5, 2018, the court held a nonevidentiary hearing on the defendant's motion to dismiss the sentencing enhancements contained in the original indictment, during which the court scheduled a final trial conference for April 10, 2018. On February 7, 2018, the judge ruled on the defendant's motion to dismiss the sentencing enhancements contained in the original indictment. While the time prior to the judge's ruling was

---

[8] Although the Commonwealth argues that December 27, 2017, is excludable for other reasons, we do not include this single potential day as part of this discussion because we have already counted this day as excludable. The same is true for December 12, 2017; February 7, 2018; July 30, 2018; and October 24, 2018.

11

excludable because the defendant's motion to dismiss the sentencing enhancements was under consideration, Dirico, 480 Mass. at 498, the period after the judge ruled on the motion to dismiss but before the final trial conference is potentially includable.

The Commonwealth argues that this period is excludable because the scheduling of this final trial conference was actually a continuance of a previously-scheduled event, and the defendant did not object.  See Tanner, 417 Mass. at 3.  The defendant argues that the final trial conference had not previously been scheduled and thus this time is includable.  See Graham, 480 Mass. at 532-533 ("where a defendant agrees for the first time to schedule a previously unscheduled event, there is no 'continuance' or 'delay' that can be excluded under rule 36").  While the analysis would certainly be easier if the record were clear, the only support for the argument that this was a continuance is the "clerk's log," which has two important notations:[9]  on January 11, 2018, it notes "TA not held.  FTC/NHD - 2·5·18"; on February 5, 2018, it notes "motion to dismiss - U/A.  FTC 4·10·18 Trial 4·23·18 (2 days)."  Put simply, this showing, standing on its own without more, is not enough to support the Commonwealth's position that a continuance occurred

_____

[9] We note that the clerk's log is handwritten and is, at times, difficult to decipher.

12

(and thus the time at issue is excludable).  The Commonwealth
bears the burden of showing that this time is excludable, see
Graham, supra at 517, which in this context means providing us
with some evidence that a continuance actually occurred.  The
record we have is not alone sufficient to conclude that a
continuance occurred on February 5, 2018.  We accordingly agree
with the defendant that these sixty-one days are not excludable
and cannot be used to justify the delay in bringing the
defendant to trial.  This leaves the Commonwealth with only 422
potentially-excludable days out of the original 483, to justify
398 days of delay.

b.  Time frame of April 24, 2018, to June 4, 2018.  On
April 23, 2018, the case was scheduled for trial, but the
Commonwealth, at the final trial conference, requested a
continuance of the trial to June 4, 2018.  The prosecutor asked
for this continuance because the ballistics report was not
finished, and the Commonwealth would be unable to secure a
ballistician to testify as to the operability of the firearm or
whether the bullets inside the gun or on the defendant's person
were ammunition.[10]  The record is clear that the defendant
objected to this continuance.

---

[10] The prosecutor also argued that she was "double-booked"
on the days the trial was scheduled to occur.  Because the judge
allowed the continuance for other reasons, we address only those
reasons.

Where a continuance occurs "because the parties have yet to receive a forensic report from the laboratory, the period of delay arising from the continuance can be excluded pursuant to rule 36 (b) (2) (F) if the judge finds that 'the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.'" Dirico, 480 Mass. at 499-500, quoting rule 36 (b) (2) (F). Here, the judge stated that "I find that the interest of justice requires that we continue the matter over, mostly because of the lack of a witness." Although the defendant argues otherwise, we believe the record is clear that the judge's ruling falls squarely under rule 36 (b) (2) (F). We accordingly review this judicial finding for an abuse of discretion. See Dirico, supra at 498 n.7. Where the Commonwealth bore the burden of proving the operability of the firearm, see Commonwealth v. Drapaniotis, 89 Mass. App. Ct. 267, 270 (2016), we see no abuse of discretion in a determination that the interests of justice were served by allowing a continuance for the report to be created. See generally Dirico, supra at 499-500 ("[E]xcludable delay may arise from forensic testing where a scheduled court event is continued because the forensic testing has yet to be completed and the scheduled event cannot reasonably be held until the parties obtain the testing results"). Accordingly, these forty-two days may be used by the Commonwealth to meet its burden,

14

leaving the Commonwealth with 380 potential days remaining to justify 356 days of delay.

c. *Time frame of June 5, 2018, to July 29, 2018*. On May 22, 2018, the Commonwealth once again asked for a continuance, stating that the ballistics report was still not ready and the Commonwealth would not be ready for trial scheduled on June 4, 2018. The defendant objected to this continuance by stating that they were "objecting for the record." The motion judge, who was not the same judge who had previously continued the case, stated that "I appreciate the objection, but I'm going to allow the motion." The Commonwealth argues that this ruling, much like the ruling on April 10, 2018, was a determination under rule 36 (b) (2) (F), and therefore the time period is excludable. We disagree. In order for the time period to be excludable, rule 36 (b) (2) (F) requires the judge to "set forth in the record of the case, either orally or in writing, his reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial." The judge made no explicit findings in the record demonstrating that he analyzed the continuance under this rubric or reached such a conclusion. Neither the prosecutor nor the defense attorney made mention of speedy trial concerns or cited to rule 36. The judge made no findings, written or otherwise, and we are left to interpret

15

whether the judge's ruling from the bench, which consisted of "I appreciate your objection, but the motion is allowed," is sufficient for us to imply that judge made the requisite analysis and findings under rule 36 (b) (2) (F). Without more, we are unable to hold that it was. Compare Commonwealth v. Lougee, 485 Mass. 70, 79 (2020) (trials continued pursuant to Supreme Judicial Court's COVID-19 emergency orders implicitly carried requisite findings because continuances deemed necessary in best interests of public); Graham, 480 Mass. at 528 (ruling fairly characterized as rule 36 [b] [2] [F] decision where prosecutor brought speedy trial issue to judge's attention and judge considered interests of all parties and any potential prejudice).

In essence, we cannot review the record and independently determine that the prosecutor's proffered reason for a continuance met the requirements of rule 36 for the time to be excluded or that the judge so found. As a general matter, "[a]s a reviewing court, we are not in a position to characterize a continuance as an 'ends of justice' exception under rule 36 (b) (2) (F) where the motion judge did not explicitly or implicitly make the requisite finding." Dirico, 480 Mass. at 498 n.7. While there have been instances in which judges were held to have made an implicit finding under rule 36 (b) (2) (F), see Graham, 480 Mass. at 538, there is nothing in the findings of

16

the judge or in the record to indicate that the judge considered the defendant's rights to a speedy trial or the interests of the public. The prosecutor's comments regarding their reasoning in asking for a continuance only indicate that they thought a continuance was appropriate, not that they were making a specific request under rule 36 (b) (2) (F). Similarly, although the defendant's objection was sufficient to preserve his rights under rule 36 (b), it did not necessarily bring rule 36 to the judge's attention because the judge could have understood an objection "for the record" in this context to be a method for the defendant to express their general dissatisfaction with the continuance. See Commonwealth v. Lauria, 411 Mass. 63, 70-71 (1991) ("the defendants, consistent with their rule 36 obligations, were at least required to express their dissatisfaction with the continuing delay or indicate that they might be incurring prejudice as a result of it, and, by not doing so, could warrantably be found by the motion judge to have tacitly agreed to the delay" [emphasis added]). Where neither party brought the speedy trial implications to the judge's attention and there is nothing in the record to support that the judge implicitly made a rule 36 finding, we are not in a position as an appellate court to characterize this continuance

17

as an "ends of justice" exception under rule 36 (b) (2) (F).[11] We therefore hold that this record contains neither an explicit or implicit ruling under rule 36 (b) (2) (F). Accordingly, these fifty-five days may not be used by the Commonwealth to meet its burden of justifying delay, leaving the Commonwealth with 325 potential days to justify 356 days of delay. It is therefore impossible for the Commonwealth to meet its burden under rule 36 (b).

Conclusion. The Commonwealth cannot justify the delays in excess of the one-year limit prescribed by rule 36 (b) in bringing the defendant to trial and we accordingly reverse the

---

[11] We also briefly note that the motion judge considering the Commonwealth's motion for reconsideration regarding dismissal characterized the delay as excusable under rule 36 (b) (2) (B) due to the absence or unavailability of an essential witness. The ruling describes two witnesses as "unavailable" and only indirectly includes the time period of June 4, 2018, through July 30, 2018, in the larger context of the time between April 22, 2018, and August 26, 2019. We therefore believe that the judge made a clerical error when describing the continuance that occurred on April 22, 2018, not April 22, 2019, in which two police officers were unavailable. Accordingly, this characterization either does not apply to the period between June 4, 2018, and July 30, 2018, or is clear error. We accordingly do not consider it in our analysis of the days June 4, 2018, through July 30, 2018.

judgments of conviction and set aside the verdicts and findings. The order allowing the Commonwealth's motion for reconsideration and vacating the November 8, 2019, dismissal of the indictment is also reversed, and the indictment is dismissed.

So ordered.

By the Court (Green, Walsh & Smyth, JJ.[12]),

Assistant Clerk

Entered:  April 9, 2024.

---

[12] The panelists are listed in order of seniority.