After a jury trial in the Superior Court, the defendant was convicted of rape of a child, assault with intent to rape, and three counts of indecent assault and battery on a child. On appeal, the defendant claims that the judge erred in denying his motions to dismiss based on a seventeen-year preindictment delay. We affirm.
Background. We summarize the undisputed facts that are material to this appeal. In March, 1986, a woman reported to the Fitchburg police that the defendant, who had been living with her, had sexually assaulted her two daughters between 1983 and 1985, when both were under the age of fourteen. After obtaining statements from the children, the police interviewed the defendant on March 27, 1986. Upon being confronted with the allegations, the defendant denied them and stated that he had moved out of the woman's house around Christmas, 1985, after she had accused him of molesting her daughters. The police told the defendant that he would be contacted again after they reinterviewed the children. Later that same day, the police called the defendant and asked him to return to the station. When he failed to do so, the police applied for a warrant for his arrest, which was issued along with a criminal complaint on March 28, 1986.
Ten years later, on November 5, 1996, the defendant was arrested in Connecticut on the Fitchburg warrant. At that point, however, the victims could not be located; the defendant was released from custody. In September, 2001, the victims were located. The defendant was then again arrested in Connecticut on the warrant on January 29, 2003. Indictments were returned against the defendant on July 18, 2003. On October 8, 2003, the defendant moved to dismiss the indictments based on violation of his constitutional right to a speedy trial, which was denied.
Discussion. The defendant contends that the judge erred in concluding that his right to a speedy trial under the Sixth Amendment of the United States Constitution and art. 11 of the Massachusetts Declaration of Rights was not violated. "In reviewing a motion to dismiss because of a speedy trial violation, we give deference to the findings of the motion judge, but we may reach our own conclusions" regarding the factors weighed. Commonwealth v. Wallace, 472 Mass. 56, 60 (2015). See Commonwealth v. Barry, 390 Mass. 285, 289-290 (1983).
The factors a judge must consider in determining if a defendant's right to a speedy trial has been violated by preindictment delay are "the length of the delay, the reasons for it, the extent of the defendant's assertion of his right to a speedy trial, and the prejudice, if any, to the defendant." Commonwealth v. Lanigan, 419 Mass. 15, 18 (1994). See Barker v. Wingo, 407 U.S. 514, 530-533 (1972) (speedy trial); Commonwealth v. Imbruglia, 377 Mass. 682, 691 (1979) (preindictment delay). The analysis requires a balancing test, weighing "the conduct of both the prosecution and the defendant." Barker, supra at 530.
a. Length of the delay. "The threshold inquiry is whether the delay was of sufficient length to trigger an examination of the other factors." Commonwealth v. Underwood, 3 Mass. App. Ct. 522, 527 (1975). See Barker, supra (extended delay "triggers" speedy trial analysis); Wallace, supra. Under the required constitutional calculation, the speedy trial clock began in March, 1986 (when the complaint issued). See Commonwealth v. Butler, 464 Mass. 706, 712 (2013). The defendant was arrested for the second time in January, 2003, and indicted in July, 2003, seventeen years later. As acknowledged by the Commonwealth, this preindictment delay was sufficient "to invoke a constitutionally-based speedy trial analysis." Lanigan, supra.
b. Reason for the delay. With regard to the second factor (the reason for the delay) the record supports the motion judge's conclusion that "the reason for the delay between 1986 and the defendant's first arrest in 1996 [was] his knowing and voluntary absence from the Commonwealth." Accordingly, this factor does not weigh very heavily against the Commonwealth.[2] See Underwood, supra at 528 (while defendant need not keep Commonwealth informed of his whereabouts, "[he] cannot expect his whereabouts to be quickly ascertained when he has been a fugitive from justice"); Commonwealth v. Anderson, 9 Mass. App. Ct. 699, 704-705 (1980) (delays attributable to defendant's actions excluded from speedy trial analysis).
Moreover, we agree with the motion judge's conclusion that the delay from 1996 to 2001, "while lengthy, was reasonable, nonetheless, in order to locate the victims." See Barker, supra at 531 ("a valid reason, such as a missing witness, should serve to justify appropriate delay"); Anderson, supra at 704 ("[r]easonable delays due to efforts to locate defendants or witnesses are justifiable and are usually excused from formulation"). Likewise, the delay between the date from which the location of the victims became known (September, 2001) until the defendant's second arrest in January, 2003, was also reasonable.
c. Assertion of speedy trial rights. The third factor, whether the defendant asserted his right to a speedy trial, weighs against him. See Commonwealth v. Look, 379 Mass. 893, 900 (1980), quoting from Barker, supra at 529 (defendant's failure to assert right is to be given "strong evidentiary weight"). While the defendant claimed that he was unaware of the charges against him until he was arrested in 2003, the record supports the judge's finding that this was not the case.
The defendant was informed of the allegations against him when interviewed by police in 1986, and proceeded to leave the Commonwealth within several days. Additionally, the defendant was arrested as a fugitive from justice in 1996, at which time he was told that the arrest was based upon charges pending against him in Massachusetts. Although the Commonwealth did not have the defendant held because it could not locate the victims at that time, the judge found that the defendant's arrest clearly apprised him that charges were pending against him.
Given that the defendant was aware of the charges, his failure to assert his right to a speedy trial must be weighed heavily against him. See Barker, 407 U.S. at 536 ("barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial"); Look, supra ("[i]t appears reasonable to speculate ... that [the defendant] was 'gambling' that the Commonwealth had forgotten about him or decided not to pursue his case"). See also Butler, 464 Mass. at 717 ; Anderson, supra at 704-705.
d. Prejudice to the defendant. As to the fourth factor, prejudice, "[t]he prejudice that is relevant is the impairment of the defendant's case by reason of the delay." Lanigan, 419 Mass. at 20. Here, the defendant did not allege that he was prejudiced by the delay, claiming only that prejudice should be presumed. Even where a lengthy delay permits a presumption of prejudice, the United States Supreme Court has made clear that "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria." Doggett v. United States, 505 U.S. 647, 656 (1992).[3]
Upon review of the motion judge's findings, and having applied the Barker factors, the defendant's constitutional right to a speedy trial was not violated.
Judgments affirmed.

The judge noted that "[t]he worst that can be said of the Commonwealth's efforts is that it was negligent, as there were likely more steps it could have undertaken to locate the defendant." He also noted, however, that the evidence "did not reveal that the defendant created any paper trail that would have allowed the Commonwealth to locate him, such as the ownership of real estate, a motor vehicle, income tax returns or other traceable records, in addition to the lack of any driver[']s license." Specifically discrediting the defendant's account of his whereabouts, the judge found the defendant primarily culpable.

The Supreme Judicial Court has also "held generally that a defendant has the burden of showing prejudice to his defense sufficient to warrant dismissal." Commonwealth v. Beckett, 373 Mass. 329, 334 (1977).